**STATE of Tennessee, Appellee,**

v.

**Thomas CASE, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

April 28, 1994.

Dale M. Quillen, Michael J. Flanagan, Nashville, Stephen Stuart, Dickson, for appellant.

Charles W. Burson, Atty. Gen. & Reporter, Ellen H. Pollack, Nashville, Dan M. Alsobrooks, Dist. Atty. Gen., Robert Wilson, Asst. Dist. Atty. Gen., Charlotte, for appellee.

## OPINION

PEAY, Judge.

The defendant entered a plea of *nolo contendere* to the offense of aggravated sexual battery and was sentenced to a term of ten (10) years in the Tennessee Department of Correction. The plea specifically reserved the right to appeal a certified question of law, i.e., was the offense of aggravated sexual battery upon children less than thirteen (13) years of age repealed or modified by the 1992 Public Acts, Chapter 878.

In this appeal the defendant contends, as was asserted at a pretrial hearing, that the offense charged against him was not in existence at the time that his criminal conduct occurred and that he, therefore, cannot be charged with a nonexistent crime. The trial court ruled that the indictment did indeed charge an offense and that no variance existed. We agree with the lower court and find that this allegation provides no basis for relief.

The indictment charges that on January 8, 1993, the defendant had unlawful sexual contact with the victim and that the victim was less than thirteen years of age, a violation of T.C.A. § 39-13-504. At the time of the defendant's acts, T.C.A. § 39-13-504 defined aggravated sexual battery as unlawful sexual contact "accompanied by any of the circumstances listed in § 39-13-502(a)." However, the 1992 Tenn.Pub.Acts, ch. 878 amended the criminal code by creating a new Class A felony charge of rape of a child[1] and by

deleting subsection (a)(4) of T.C.A. § 39-13-502. Before the amendment, subsection (a)(4) prohibited unlawful sexual penetration involving a victim less than thirteen (13) years of age, which the 1992 act defined as rape of a child. The defendant therefore contends that at the time he committed the offense charged, there existed no specified circumstance to support a charge of aggravated sexual battery under T.C.A. § 39-13-504.

The State contends that a subsequent modification of a statute adopted by reference does not affect the language of the adopting statute absent clear legislative intent to do so. Our Supreme Court has adopted the following rule as stated in *Hassett v. Welch*, 303 U.S. 303, 314, 58 S.Ct. 559, 564, 82 L.Ed. 858 (1938):

> Where one statute adopts the particular provisions of another by a specific and descriptive reference to the statute or provisions adopted, the effect is the same as though the statute or provisions adopted had been incorporated bodily into the adopting statute. * * * Such adoption takes the statute as it exists at the time of adoption and does not include subsequent additions or modifications of the statute so taken unless it does so by express intent.

*Roddy Mfg. Co. v. Olsen*, 661 S.W.2d 868, 871 (Tenn.1983).

We find that nothing within 1992 Tenn. Pub.Acts, ch. 878 suggests that the legislature intended to amend both the aggravated rape and the aggravated sexual battery statutes.[2] The caption describes this chapter as "An act to amend T.C.A. § 39, 40, and 41, relative to the punishment for certain criminal offenses and the incarceration of certain criminal offenders." The apparent purpose of the Act was to define rape of a child as a separate offense and to eliminate the resulting duplication in the aggravated rape statute. We agree with the State's assertion that the legislature's desire to protect children by extending the period of confinement

---

1. Codified at T.C.A. § 39-13-522 (1993 Supp.).

2. On July 24, 1992, the Attorney General's office issued an opinion that Chapter 878 of the 1992 Public Acts did not repeal or modify the offense

of aggravated sexual battery upon children less than thirteen (13) years of age. Opinion No. 92-49.

for child rapists would seem to rebut any suggestion that the legislature intended to decriminalize the commission of aggravated sexual battery on children. The legislature's true intent was perhaps best illustrated by its rewriting of T.C.A. § 39–13–504(a) to ensure that the victim's youthful age is an aggravating element of the offense of aggravated sexual battery. T.C.A. § 39–13–504(a)(4).

For the aforementioned reasons, we hold that the offense of aggravated sexual battery of a child less than thirteen (13) years of age was a crime in January 1993, and remained punishable under T.C.A. § 39–13–504 as a Class B felony. The decision of the trial court should therefore be affirmed.

WHITE, J., and WILLIAM M. DENDER, Senior Judge, concur.

WHITE, Judge, concurring.

Because of the limited issue raised by appellant in this case, I concur with the opinion of the majority. Appellant couches the issue as follows:

> Was the offense of aggravated sexual battery upon children less than 13 years of age repealed or modified by the 1992 Public Acts, Chapter 878?

Given that limited issue, I concur with the majority's opinion upholding the trial judge's decision that the indictment charged an offense. I express no opinion, however, on whether there are due process implications raised by this conviction since appellant has not raised that issue in the appeal before us.