**STATE of Tennessee, Appellee,**

v.

**Alphonso PARKER, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

May 19, 1994.

Permission to Appeal Dismissed by the Supreme Court Oct. 3, 1994.

David A. Doyle, Dist. Public Defender, Gallatin, for appellant.

Charles W. Burson, Atty. Gen. and Reporter, Nashville, Ruth A. Thompson, Counsel for the State, Crim. Justice Div., Nashville, for appellee.

## OPINION

WADE, Judge.

The defendant, Alphonso Parker, appeals from his convictions for aggravated rape and aggravated sexual battery. The trial court imposed concurrent sentences of fifteen and eight years, respectively. The defendant was fined $25,000.00.

In addition to his challenge to the sufficiency of the evidence, the defendant claims the trial court failed to properly instruct the jury as to the requisite, culpable mental state. *See* Tenn.Code Ann. § 39–11–301.

We affirm the convictions.

On September 6, 1991, just sixteen days before the victim's thirteenth birthday, the defendant, age 23, asked her for a kiss as she walked toward a school bus stop. A seventh grade honor student, the victim told the defendant, whom she did not know, that she had to catch the bus. Nonetheless, the defendant walked with the victim, talked with her, and heard her claim to be thirteen years old.

The two walked behind a gas station and began to kiss. The victim did not have any prior experience with boys, was a little scared, and was not sure what she was supposed to do. The defendant digitally penetrated her vagina but stopped when a car approached. The victim then left for the bus stop and the defendant told her he would talk to her later. The victim told no one about the occurrence.

On the next Saturday afternoon, the defendant again approached the victim as she walked toward the gas station. He asked her to go behind a house. She declined. They walked together until they reached the playground behind a nearby school. No one was there. The defendant kissed the victim and unzipped his pants. The victim testified as follows:

> He pulled out his penis, and asked me if I wanted to play with it, and then he put my hand on it. Then he pulled his shorts all the way down. Then he pulled mine down, my bluejeans.

> \* \* \* \* \* \*

> Then he tried to stick his penis in me. It wouldn't go in. I felt a sharp pain. Then a car came by, and he pulled his pants and shorts back up.

> \* \* \* \* \* \*

> [His hands were o]n my buttocks [while he was doing this].

The victim stated that she believed the sharp pain was due to vaginal penetration. A week later, the victim told a friend about the incident. The police were notified.

Although the defendant did not testify, he had previously told the investigating officer that the victim had claimed to be 18 years of age. While admitting that he had digitally penetrated the victim and engaged her in sexual intercourse, the defendant claimed the victim was the aggressor and asserted that all of the sexual contact had occurred during a single incident.

### I

The first issue is whether the evidence was sufficient to support the convictions. The defendant claims he had a reasonable belief that the victim was at least thirteen years old. He asserts that "ignorance or mistake of fact is a defense to prosecution if such ignorance or mistake negates the culpable mental state of the offense charged." Tenn. Code Ann. § 39–11–502. Because he did not know the victim's true age, he contends that he did not have the requisite mental state to

commit aggravated rape or aggravated sexual battery.

The state disagrees. It argues that the defendant could have been guilty under each statute if the jury concluded that he acted "recklessly."

Our criminal code has established guidelines for determining culpable mental state:

**Requirement of culpable mental state.—** (a)(1) A person commits an offense who acts intentionally, knowingly, recklessly or with criminal negligence, as the definition of the offense requires, with respect to each element of the offense.

(2) When the law provides that criminal negligence suffices to establish an element of an offense, that element is also established if a person acts intentionally, knowingly or recklessly. When recklessness suffices to establish an element, that element is also established if a person acts intentionally or knowingly. When acting knowingly suffices to establish an element, that element is also established if a person acts intentionally.

(b) A culpable mental state is required within this title unless the definition of an offense plainly dispenses with a mental element.

(c) If the definition of an offense within this title does not plainly dispense with a mental element, *intent, knowledge, or recklessness* suffices to establish the culpable mental state.

Tenn.Code Ann. § 39–11–301 (emphasis added).

Intentional, knowing, and reckless are statutorily defined as follows:

(a) "Intentional" refers to a person who acts intentionally with respect to the nature of the conduct or to a result of the conduct when it is the person's conscious objective or desire to engage in the conduct or cause the result.

(b) "Knowing" refers to a person who acts knowingly with respect to the conduct or to circumstances surrounding the conduct when the person is aware of the nature of the conduct or that the circumstances ex-

ist. A person acts knowingly with respect to a result of the person's conduct when the person is aware that the conduct is reasonably certain to cause the result.

(c) "Reckless" refers to a person who acts recklessly with respect to circumstances surrounding the conduct or the result of the conduct when the person is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the accused person's standpoint.

Tenn.Code Ann. § 39–11–302(a)–(c). Aggravated rape is defined as "unlawful sexual penetration of a victim by the defendant or the defendant by a victim [where] ... the victim is less than thirteen (13) years of age." Tenn.Code Ann. § 39–13–502. This statute and the applicable definitions neither specifically require nor "plainly dispense" with the requirement of a culpable mental state.[1] Thus the terms of § 39–11–301(c) apply.

Aggravated sexual battery is defined as "unlawful sexual contact with a victim by the defendant or the defendant by a victim [where the victim is less than thirteen (13) years of age]." Tenn.Code Ann. § 39–13–504. "Sexual contact" is defined as "the *intentional* touching of the victim's ... intimate parts or the *intentional* touching of the clothing covering the immediate area of the victim's ... intimate parts, if that *intentional* touching can be reasonably construed as being for the purpose of sexual arousal or gratification." Tenn.Code Ann. § 39–13–501(6) (emphasis added). The terms of the statutes, therefore, expressly provide the requisite culpable mental state for the element of "sexual contact"; yet, the statutory scheme neither prescribes nor "plainly dispenses" with the culpable mental state as to whether the victim is less than thirteen years of age. Thus, the terms of § 39–11–301(c) would also apply to this crime.

1. *Compare* Tenn.Code Ann. 39–13–502(a)(3)(B) ("The defendant *knows or has reason to know* that the victim is mentally defective, mentally incapacitated or physically helpless.").

Here, the trial court instructed the jury that one acts recklessly when he is "aware of or consciously disregards a substantial and unjustifiable risk that a particular result will occur or that a particular circumstance exists. The risk must be of such nature and degree that disregarding it constitutes a gross deviation from the standard of care a reasonable person would observe in the situation." It held that the defendant had the obligation to ascertain whether or not the other individual is of a certain age and ruled that the failure to properly determine that age may constitute the requisite degree of recklessness.

That, in our view, comports with the statutory guidelines. The defendant was 23 years of age. He had not previously known the victim. The victim was a seventh grader who testified that she had no previous sexual experience. That may have been apparent from the circumstances. The jury, despite any representation to the contrary, had the opportunity to view the victim firsthand and to hear the attendant testimony. It acted within its prerogative in determining that the defendant "consciously disregard[ed] a substantial and unjustifiable risk."

## II

The remaining issue is whether the trial court committed error by its refusal to charge the jury as to the requirements of § 39–11–301. The defendant claims the specific language of the statute was not included.

Yet the trial court denied the post-trial motion on the basis that the material had been included in the original charge.

The act provides that unless a more specific statute provides otherwise, a defendant must have a culpable mental state for any criminal offense. The statute defines the requisite mental state. Mere recklessness as to the age of the victim is sufficient evidence to establish guilt for either aggravated rape or aggravated sexual battery. At the hearing on the motion for a new trial, the trial court determined that when viewed as a whole, the instructions provided had been clear and complete. We agree. The general charge included the relevant statutes and defined culpable mental state. The trial court instructed the jury on mistake of fact and directed the jury to consider the offense of statutory rape if it found that the defendant was entitled to that defense. In our opinion, the instructions were adequate and proposed to the jury the appropriate guidelines for their factual determination.

Accordingly, we affirm the judgment.

JONES and WHITE, JJ., concur.