# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### AUGUST 1997 SESSION



FILED

**August 22, 1997**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| **THOMAS V. CASE** | ) | **C.C.A. NO. 01C01-9610-CC-00444** |
| | ) | |
| Appellant | ) | **DICKSON COUNTY** |
| | ) | |
| **VS.** | ) | **Hon. Robert E. Burch, Judge** |
| | ) | |
| **STATE OF TENNESSEE** | ) | |
| | ) | (Post-Conviction) |
| Appellee. | ) | |

**FOR THE APPELLANT:**

**THOMAS V. CASE, PRO SE**
South Central Corrections Center
P.O. Box 279
Clifton, Tennessee 38425-0279

**FOR THE APPELLEE:**

**JOHN KNOX WALKUP**
Attorney General and Reporter

**LISA A. NAYLOR**
Assistant Attorney General
450 James Robertson Parkway
Nashville, Tennessee 37243-0493

**DAN ALSOBROOKS**
District Attorney General
P.O. Box 580
Charlotte, Tennessee 37036

**OPINION FILED:**_____

**AFFIRMED**

**JOE H. WALKER, III**
**Sp. JUDGE**

## OPINION

Petitioner, Thomas V. Case, appeals the order of the Circuit Court of Dickson County summarily dismissing his petition for post-conviction relief.

Petitioner was convicted for aggravated sexual battery (T.C.A. 39-13-504)[1] on September 1, 1993, after entering a plea of nolo contendere, and is serving a ten year sentence.

Petitioner entered the plea reserving the right to appeal a certified question of law. On April 28, 1994, the Court of Criminal Appeals of Tennessee, affirmed the conviction. State v.Case, 884 S.W.2d 146 (Ct. Crim. App. 1994).

The petition for post-conviction relief was filed August 15, 1996.

On September 30, 1996, the court entered an order denying post-conviction relief.


The petitioner contends that the indictment must be dismissed under the recent opinion of State v. Roger Dale Hill, because the indictment fails to include a specific mens rea, and merely states the defendant acted "unlawfully".

The indictment in this case charged in relevant part that the petitioner on or about the 8th day of January, 1993, in the county of Dickson, unlawfully, willfully, and feloniously did have unlawful sexual contact with another, a named minor, and that the victim was less than thirteen years of age.


## I.


Petitioner contends the indictment charging aggravated sexual battery was fatally defective in that it did not contain the requisite mens rea element of the offense. Petitioner relies upon State v. Hill, 1996 Tenn. Crim. App. LEXIS 369, C. C. A. No. 01C01-9508-CC-00267 (Tenn. Crim. App. filed June 20, 1996, at Nashville). The petitioner did not raise this issue in the trial court.

---

[1]The indictment in this case alleges violation of T.C.A. 39-14-504, which is not the proper code section. The proper cite is T.C.A. 39-13-504. The reference to a code section is deemed to be surplusage; and the insertion of a wrong code section does not render the indictment invalid. Cole v. State, 512 S.W.2d 598, 601-602 (Tenn. Crim. App. 1974); McCracken v. State, 489 S.W.2d 48, 51 (Tenn. Crim. App. 1972). See State v. Beal, 614 S.W.2d 77, 80 (Tenn. Crim. App. 1981).

The defendant in <u>Hill</u> was charged with the offense of aggravated rape. The court concluded that the failure of the indictment to specifically allege the <u>mens rea</u> was fatally defective. T. C. A. § 40-13-202 provides as follows:

The indictment must state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment; and in no case are such words as "force and arms" or "contrary to the form of the statute" necessary.

Fair and reasonable notice of the charges against a defendant is a fundamental constitutional requirement. U.S. Const. amend. VI; Tenn. Const. art. I, § 9. An indictment has three (3) purposes in Tennessee; namely, (1) to inform the defendant of the precise charges; (2) to enable the trial court upon conviction to enter an appropriate judgment and sentence; and (3) to protect the defendant against double jeopardy. <u>State v. Trusty</u>, 919 S.W.2d 305, 309 (Tenn. 1996). The facts must be stated in ordinary and concise language so that a person of "common understanding" will know what is intended. <u>Warden v. State</u>, 214 Tenn. 391, 381 S.W.2d 244 (1964).

The indictment in this case alleged that the petitioner had unlawful sexual contact with a named victim less than thirteen (13) years of age. The petitioner was informed by this indictment of the precise charge. The charge was stated in ordinary and concise language so that a person of common understanding would know what was intended. The charge clearly enabled the trial court upon conviction to enter the appropriate judgment and sentence. Finally, the charges protected the petitioner against any double jeopardy problems.

For the above reasons we decline to follow <u>Hill</u> and find this indictment was sufficient to charge aggravated sexual battery. Furthermore, if there had been an objection to the indictment based upon the failure to allege a requisite mental state, it should have been raised pre-trial. See T.R.Cr.P. 12(b)(2).

## II.

Even if <u>Hill</u> has vitality, it is distinguishable from the instant case. Unlike <u>Hill</u>, the indictment charged that the defendant did have unlawful sexual contact with [MMN], a child less than thirteen (13) years of age.

At the time of the defendant's acts, T.C.A. 39-13-504 defined aggravated sexual battery as unlawful sexual contact "accompanied by any of the circumstances listed in section 39-

13-502(a)." Petitioner appealed the certified question of law as to the validity of the aggravated circumstance of the sexual battery of a child less than thirteen years of age. The Court of Criminal Appeals, at Nashville, determined that the offense of aggravated sexual battery of a child less than thirteen years of age was a crime in January, 1993, and remained punishable under T.C.A. 39-13-504 as a Class B felony. State v. Case, 884 S.W.2d 146 (Ct. Crim. App. 1994).

T. C. A. § 39-13-501(6) defines "sexual contact" as the

> ...**intentional** touching of the victim's, the defendant's, or any other person's intimate parts, or the **intentional** touching of the clothing covering the immediate area of the victim's, the defendant's, or any other person's intimate parts, if that **intentional** touching can be reasonably construed as being for the purpose of sexual arousal or gratification (emphasis added).

Therefore, the mental element of "intentional" is included in the definition of "sexual contact" and is impliedly included within the indictment. By statutory definition the only way one can have "sexual contact" is by the "intentional" touching...for the purpose of sexual arousal or gratification." Id.

The state has the burden of proving the requisite culpable mental state regardless of whether the statute does or does not set forth the culpable mental state. State v. Griffis and Rogers, 1997 Tenn. Crim. App. LEXIS 427, No. 01-C-01-9506-CC-00201 at Nashville, April 30, 1997.

In a prosecution for aggravated sexual battery, mere recklessness as to the age of the victim was sufficient evidence to establish defendant's guilt. State v. Parker, 887 S.W.2d 825 (Tenn.Crim.App. 1994).

We, therefore, conclude that Hill is distinguishable based upon the charged offense. The Court finds that the indictment in this case was not defective, in that it alleged the offense, the trial court had subject matter jurisdiction, and that the post-conviction court properly dismissed the petition.     The judgment of the trial court is AFFIRMED.

_____
JOE H. WALKER, III
Sp. JUDGE

CONCUR:

_____

JOE G. RILEY, JUDGE


_____

J. CURWOOD WHITT, JR., JUDGE