IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

JANUARY 1998 SESSION


FILED

March 23, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Appellee, | ) | C.C.A. No. 03C01-9708-CC-00344 |
| | ) | |
| v. | ) | Sevier County |
| | ) | |
| HAROLD LEON SUTTON, JR., | ) | Hon. Rex Henry Ogle, Judge |
| | ) | |
| Appellant. | ) | (Aggravated Sexual Battery) |

FOR THE APPELLANT:

EDWARD C. MILLER (appeal)
District Public Defender
P.O. Box 416
Dandridge, TN 37725

ALAN FELTES (trial)
Attorney at Law
159 W. Main St.
Sevierville, TN

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General & Reporter

SANDY C. PATRICK
Assistant Attorney General
450 James Robertson Pkwy.
Nashville, TN 37243-0493

ALFRED C. SCHMUTZER, JR.
Dist. Attorney General

STEVEN R. HAWKINS
Asst. Dist. Attorney General
Sevier County Courthouse
Sevierville, TN

OPINION FILED: _____

AFFIRMED

CURWOOD WITT, JUDGE

## OPINION

The defendant, Harold Leon Sutton, Jr., appeals from his conviction of the crime of aggravated sexual battery. Sutton was found guilty by a jury of his peers in the Sevier County Criminal Court. He is presently serving a nine year sentence in the Department of Correction. In this direct appeal, he asks this court to grant relief on two issues:

1. Whether the indictment was fatally deficient because it did not allege a culpable mens rea, thereby depriving the trial court of jurisdiction.

2. Whether the sentence imposed is supported by the record.

Following a review of the record and briefs of the parties, we affirm the judgment of the trial court.

## I

The defendant's conviction stems from an incident in which the defendant took the hand of a six-year-old child and used it to touch his genitals. The indictment returned by the Sevier County Grand Jury charged that on a specified date he "did unlawfully, and feloniously have sexual contact by a victim, to wit: [name of victim], a child less than thirteen (13) years of age, with defendant's intimate parts, contrary to Tennessee Code Annotated 39-13-504 . . . ."

Sutton claims, based upon State v. Roger Dale Hill, Sr., No. 01C01-9508-CC-00267 (Tenn. Crim. App., Nashville, June 20, 1996), that the indictment is defective because it fails to allege a culpable mens rea. Following the defendant's submission of his brief to this court, the supreme court reversed this court's decision in Roger Dale Hill. See State v. Hill, 954 S.W.2d 725 (Tenn. 1997). Accordingly, our resolution of this issue is guided by the supreme court's pronouncement in Hill.

The Sentencing Reform Act of 1989 requires a culpable mental state in order to establish an offense unless the statutory definition of the crime "plainly

2

dispenses with a mental element."  Tenn. Code Ann. § 39-11-301(b) (1997).  The question raised in Hill is whether a charging instrument which charges a crime that by its statutory terms does not expressly require or plainly dispense with a culpable mental state is sufficient without explicitly alleging a culpable mens rea.  Hill, 954 S.W.2d at 726.  The supreme court said that such a charging instrument is nevertheless sufficient to support prosecution where

> (1)     the language of the indictment is sufficient to meet the constitutional requirements of notice to the accused of the charge against which the accused must defend, adequate basis for entry of a proper judgment, and protection from double jeopardy;
>
> (2)     the form of the indictment meets the requirements of Tenn. Code Ann. § 40-13-202; and
>
> (3)     the mental state can be logically inferred from the conduct alleged.

Hill, 954 S.W.2d at 726-27.


Our task is to determine whether the indictment in the case at bar meets the Hill requirements for the crime of aggravated sexual battery, which "is unlawful sexual contact with a victim by the defendant or the defendant by a victim accompanied by any of the following circumstances:  . . . The victim is less than thirteen (13) years of age."  Tenn. Code Ann. § 39-13-504(a)(4) (1997).  "Sexual contact" is defined elsewhere in the Criminal Code as including "the intentional touching of the victim's . . . intimate parts . . . if that intentional touching can be reasonably construed as being for the purpose of sexual arousal or gratification."  Tenn. Code Ann. § 39-13-501(7) (1997).


The indictment in this case closely follows the statutory language describing the crime.  It complies with the statutory form by stating the "facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment . . . ."  See Hill, 954 S.W.2d at 728; Tenn. Code Ann. § 40-13-202 (1997).  Further, it is adequate to protect the

3

defendant from double jeopardy.

Evaluation of the requisite mental state requires more analysis. The crime of aggravated sexual battery involving a child less than thirteen years of age has two elements: (1) sexual contact, and (2) a victim less than thirteen years old. Tenn. Code Ann. § 39-13-504(a) (4). This court has previously observed that the mens rea for sexual contact is intentional, as provided in the definition of sexual contact found in Code section 39-13-501(6) (1997), and the mens rea for the victim's age is intentional, knowing, or reckless, as defined by Code section 39-11-301(c).[1] See, e.g., Roger Lee Kimmel v. State, No. 02C01-9701-CR-00006, slip op. at 7 (Tenn. Crim. App., Jackson, Jan. 12, 1998) (Wade, J., concurring), appl. for perm. app. filed (Tenn., Feb. 24, 1998); State v. Howard, 926 S.W.2d 579 (Tenn. Crim. App. 1996); State v. Parker, 887 S.W.2d 825 (Tenn. Crim. App. 1994).

We find the language of the indictment adequately supplies the mens rea. This court has held that use of the phrase "sexual contact" does "necessarily imply an intentional touching" of the victim. State v. Milton S. Jones, Jr., No. 02C01-9503-CR-00061, slip op. at 5 (Tenn. Crim. App., Jackson, March 7, 1997), appl. for perm. app. filed (Tenn. May 6, 1997); see also State v. John James, No. 01C01-9601-CR-00016, slip op. at 19-20 (Tenn. Crim. App., Nashville, March 27, 1997). Inclusion of the words "sexual contact" in the indictment necessarily implies an intentional mens rea for this element of the crime. Milton S. Jones, Jr., slip op. at 5; John James, slip op. at 19. But see Roger Lee Kimmel, slip op. at 4("The phrase 'sexual contact' infers no mental state."). As to the second element of the crime, Code section 39-11-301(c) supplies the necessary mens rea of intentional, knowing or reckless. See State v. James Dison, No. 03C01-9602-CC-00051, slip op. at 12-18 (Tenn. Crim. App., Knoxville, Jan. 31, 1997) (Jones, P.J., and Dender, Sp.J., concurring), perm. app. denied (Tenn. 1997).

_____

[1]Code section 39-11-301(c) provides, "If the definition of an offense within this title does not plainly dispense with a mental element, intent, knowledge or recklessness suffices to establish the culpable mental state." Tenn. Code Ann. §39-11-301(c) (1997).

We find the indictment sufficient.

## II

In his second issue, Sutton challenges the propriety of the trial court's sentencing determination. He claims the court failed to consider the principles of sentencing on the record, erroneously applied non-statutory enhancement factors, failed to apply a mitigating factor, and failed to rely on a presentence report. The state defends the trial court's findings and sentencing determination.

In determining whether the trial court has properly sentenced an individual, this court engages in a de novo review of the record with a presumption that the trial court's determinations were correct. Tenn. Code Ann. § 40-35-401(d) (1997). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In conducting our de novo review, we must consider the evidence at sentencing, the presentence report, the sentencing principles, the arguments of counsel, the statements of the defendant, the nature and characteristics of the offense, any mitigating and enhancement factors, and the defendant's amenability to rehabilitation. Tenn. Code Ann. §§ 40-35-210(b), 40-35-103(5) (1997); Ashby, 823 S.W.2d at 168. On appeal, the appellant has the burden of showing the sentence imposed is improper. Tenn. Code Ann. § 40-35-401(d), Sentencing Comm'n Comments (1997); Ashby, 823 S.W.2d at 169.

In the case at bar, the defendant fails to carry that burden. The record reflects that the court followed the statutory procedure, although it could have been more elaborative in announcing its consideration of the principles of sentencing on the record or in a sentencing order. We find no fault with the trial court's failure to rely on a presentence report. Defense counsel made the following statement at the sentencing hearing, "I never formally requested a presentence report. We'll waive

it." (emphasis added) We do not condone this shortcut in sentencing, as it is contrary to the statutory procedure. See Tenn. Code Ann. §§40-35-205(a), 40-35-210(b), (g) (1997). Notwithstanding, we decline the defendant's request for relief on this basis, as he created his own predicament both by failing to object at the appropriate time, and by inviting the court to do the very thing of which he now complaints. See Tenn. R. App. P. 36(a); State v. Richard Douglas Lowery, No. 03C01-9604-CC-00146, slip op. at 6-8 (Tenn. Crim. App., Knoxville, May 19, 1997); appl. for perm. app. filed (Tenn., July 17, 1997).[2]

Further, we find no fault with the court's application of one enhancement factor. The court applied factor (15), abuse of a position of private trust. See Tenn. Code Ann. § 40-35-114(15) (1997). The defendant conceded the applicability of this factor at the sentencing hearing. He claims the court erred in applying a non-statutory enhancement factor based upon the court's comments, "The court thinks that he should be enhanced somewhat because he is the father of this child. He committed this act upon his own child." The next sentence spoken by the court (which the defendant has omitted from his argument on this issue) is, "He used that relationship as a means of committing this crime and therefore the Court sentences Mr. Sutton to nine years." Taken in context, the challenged

---

[2]The present case and Richard Douglas Lowery come to this court from the same district. These cases, as well as other cases from that district reviewed by this court indicate a custom of utilizing a "Specific Data Report" in lieu of a presentence report. The present case is similar to Richard Douglas Lowery in that the record "evinces a waiver . . . pressed to the point of estoppel." Richard Douglas Lowery, slip op. at 7. We stated in Richard Douglas Lowery,

> We do not encourage trial counsel and trial courts to embark upon sentencing hearings in the absence of presentence reports. We view the legislature's mandate as expressed in Tennessee Code Annotated § § 40-35-205(a) and 210 (b), (g) to be well reasoned. Certainly, the use of the presentence report better enables the trial court to carry out the purposes of the sentencing law, and moreover, the presence of the report in the record is necessary for de novo appellate review.

Richard Douglas Lowery, slip op. at 8. In the present case, we reach the same result in Richard Douglas Lowery because of the waiver-qua-estoppel and also because the sentencing hearing in the present case was held before the opinion in Richard Douglas Lowery was filed. However, we will be less inclined in the future to allow what amounts to a stipulated departure from a statutory mandate.

statement is nothing more than the court's discussion of the applicability of factor (15); it is <u>not</u> evidence that the court applied a non-statutory enhancement factor.

Likewise, we find no fault with the trial court's decision not to apply mitigating factor (1), that the defendant's conduct neither caused nor threatened serious bodily injury. <u>See</u> Tenn. Code Ann. § 40-35-113(1) (1997). We infer from the facts in evidence that the victim has suffered psychological trauma as a causal result of the defendant's actions. This court has observed that the phrase "serious bodily injury" in mitigating factor (1) includes psychological injury. <u>See, e.g.</u>, <u>State v. James Cordell Johnson</u>, No. 02C01-9604-CC-00127, slip op. at 12 (Tenn. Crim. App., Jackson, Dec. 3, 1997) (psychological injury), <u>appl. for perm. app. filed</u> (Tenn., Jan. 28, 1998); <u>State v. Smith</u>, 910 S.W.2d 457, 461 (Tenn. Crim. App. 1995) (pregnancy and psychological injury). The defendant has not overcome the presumptive correctness of the trial court's election not to apply mitigating factor (1).

Finding no deficiency in the indictment nor shortcoming in the sentencing procedure, we affirm the judgment of the trial court.

_____
CURWOOD WITT, JUDGE

CONCUR:

_____
GARY R. WADE, JUDGE

_____
JOSEPH M. TIPTON, JUDGE

7