Milligan, J.,
delivered the opinion of the Court.
The prisoner was indicted and convicted in the Circuit Court of Knox County, upon a charge of *126 stealing sundry Ocoee Bank notes, of different denominations. He was sentenced to the penitentiary for three years.
A new trial was asked, and refused by the Court; and an appeal, in error, prosecuted to this Court.
The indictment is for simple larceny, in the common law form. The proof shows, in substance, that the prisoner, in the Spring of 1864, applied to the prosecutor for the loan of money, which, at first she declined, but after being told by the prisoner that he knew where he could purchase some provisions cheap, and if she would give him the money, he would buy them for her, and what she did not need he would take and pay her the money for them, she let him have $90, for which he executed his due bill. Soon thereafter the prisoner became sick, and failed to purchase the provisions or return the money. Suit was brought on the note, and a judgment obtained against him, before a Justice of the Peace, for $91 and costs.
Under this state of facts, the Court was, among other things, required to instruct the jury, that, “The indictment in this case does not set forth such facts as constitute a fraudulent appropriation, and the prisoner cannot be found guilty of the offense of larceny under this indictment.”
The Court refused so to charge the jury, but stated, that “a fraudulent appropriation of the property of any person to whose charge or care it is delivered, subject to the immediate order of the owner, or to the use of it, in his presence, or for the purpose of his trade, is larceny.”
*127 “By our Statute, also, if a contract or loan for use, or of letting and hiring, or other bailment, or agency, be used merely as the means of procuring possession of property, with an intent to make a fraudulent appropriation at the time, it is larceny by our Statute.”
This part of His Honor’s charge, it is insisted, is erroneous, because of the variance between the offense of which the prisoner stands charged in the indictment, and the proof offered to sustain it.
The indictment is founded on sections 4678 and 4679 of the Code, which are in substance, the provisions of the Act of 1842, chapter 48, carried into the Code, with some modifications. Prior to the Act of 1842, the offense for which the prisoner was convicted was unknown to our Statutes. The Act of 1842 worked a material change in the common law.
The trespass, either actual or implied, in every case of larceny at common law, in the taking, is, in certain cases specified in the Statute, dispensed with. A fraudulent appropriation of property, by any person to whose charge or care it is delivered, subject to the immediate orders of the owner, or to the use of it in his presence, or for the purposes of his trade, is declared to be larceny. So, also, if a contract of loan for use, or of letting and hiring, or other bailment or agency, be used merely as the means of procuring possession of property, with an intent to make a fraudulent appropriation at the time, it is in like manner, by Statute, a larceny. In all these cases, the trespass necessary at common law, is waived, and *128 the fraudulent appropriation of goods, the possession whereof is obtained without a trespass, by any of the devices contained in the Statute, completes the crime of larceny. But, it cannot be maintained that an indictment charging a simple larceny at common law, which includes a trespass in the taking, cannot be sustained by proof of obtaining goods under false pretenses.
The Constitution of the State, article 1, sec. 9, declares, that the accused in all criminal prosecutions, has a right to be heard by himself and his counsel, “and to demand the nature and cause of the accusation against him, and to have a copy thereof.” This principle is as old as the common law. Archbald, in his Criminal Practice and Pleading, vol. 1, 86, note 1, says: “It is a general rule in indictments, that the special manner of the whole facts ought to be set forth with such certainty, and so specifically, that it may judicially appear to the Court that the indictor has gone upon sufficient premises, in order that the Court may know what judgment is to be pronounced upon conviction; that the defendant may clearly understand the charge he is called upon to answer; and that posterity may know what law is to be derived from the record.”
Our own Courts, following in the line of this great principle, and in conformity to the constitutional provision, in the case of Bradford vs. The State, 3 Hump., 370-2, declare, that the offense must be so described in the indictment, as to put the accused in possession of his constitutional right. And again, in *129 Peck vs. the State, 2 Hump., 85, the Court say: “When a Statute creates an offense, the indictment must charge the facts and circumstances as mentioned in the Statute. And it is better to pursue strictly the words of the Statute, as it precludes all questions about the meaning of the expressions used.” See, also, State vs. Pearce, Peck, 66, 67; 6 Hump., 249, 256.
Applying these principles to the case under consideration, we are satisfied there is a fatal variance between the indictment and the proof. And although the instructions of the Circuit Judge to the jury, are in the words of the Statute, they are totally inapplicable to the crime charged in the indictment.
Judgment reversed, and a new trial awarded.