Cornell *v.* The State.

JAMES CORNELL . *v.* THE STATE.

1. CRIMINAL LAW. *Indictment.* Where two distinct offenses are charged in an indictment, but as parts of the same transaction, and as one offense, proof of either offense so charged would be sufficient to support a conviction, and such an indictment would be good.

Case cited: The State *v.* Ailey, 3 Heis., 9.

Code cited: Sec. 4913.

2. SAME. *Same.* If the statute does not set forth all the ingredients of the offense, or enough to constitute the crime, the indictment must add them.

Case cited: The State *v.* Ladd, 2 Swan, 226.

3. SAME. *Same.* The indictment must charge the crime with certainty and precision, and must contain a complete description of such facts and circumstances as will constitute the crime, and not merely state a legal result.

Case cited: Pearce *v.* The State, 1 Sneed, 65.

FROM SHELBY.

Appeal from the Criminal Court. JNO. R. FLIPPIN, Judge.

GANTT, MCDOWELL and BURROWS for defendant.

ATTORNEY-GENERAL HEISKELL for the State.

NICHOLSON, C. J., delivered the opinion of the court.

James Cornell was indicted, in the Criminal Court at Memphis, for " causing and suffering offal, filth and noisome substances to be collected and remain on Commerce street, in the city of Memphis, thereby corrupting and rendering impure the air, to the great

Cornell *v.* The State.

damage and common nuisance," etc.    He was convicted and fined $50, and has appealed.

It appears from the proof that lot No. 83, on Commerce street, belongs to Mrs. Caroline Shroder's minor children; that she has control of the property, and has had since 1867, and that James Cornell is her general agent to transact her business, and that he collects the rent for the premises, and that the present tenant has been in possession for four years. It further appears that on the extreme back end of lot No. 83 a foul, filthy and loathsome pool of water and a very foul privy were found on the 20th of June, 1873.    These constituted the nuisance for which defendant was indicted and convicted.

1. It is objected that two distinct offenses are charged in the indictment, which has but one count, and for that reason the judgment ought to have been arrested.    By sec. 4913 of the Code, "it is a public nuisance to cause or suffer any offal, etc., to be collected or to remain in any place," etc.    The indictment charged that defendant "did cause and suffer offal, etc., to be collected and remain," etc.    Two distinct offenses are described in the Code, and both offenses are charged in the indictment, but in the indictment they are charged as parts of the same transaction, so as to constitute one offense.    In such case it was held in *The State* v. *Ailey,* 3 Heis., 9, that the proof of either offense, so charged, would be sufficient to support a conviction, and that such an indictment is good.

2. It is next objected, that the indictment is bad

because it does not charge all the facts necessary to make out the offense of suffering offal, etc., to be collected and remain. The charge is, that defendant suffered the offal to be collected and remain on Commerce street. It is not charged that the nuisance was on any particular locality or lot on Commerce street, but, in general terms, on Commerce street.

No reference is made in the indictment to lot 83 as being the place on Commerce street on which the offal, etc., was suffered to be collected and remain. Nor is it charged that defendant was the owner of the lot, nor that he had such control of it as agent or otherwise as made it his duty to prevent or abate nuisances thereon. The only notice given to defendant by the indictment is, that he is charged with causing and suffering offal, etc., to be collected and remain on Commerce street.

It is a rule that if the statute does not set forth all the ingredients of the offense, or enough to constitute the crime, the indictment must add them. *The State* v. *Ladd,* 2 Swan, 226.

The statute makes it indictable for any person to suffer offal, etc., to be collected and remain on any place. The facts showing that this offense has been committed, must be distinctly set out in the indictment; at least, with sufficient certainty to notify the defendant as to the place where the nuisance was committed, and such relation of defendant to the place as would make him responsible for the offense.

The notice given to defendant in the indictment is, that he is charged with causing and continuing a

Cornell *v.* The State.

nuisance on a public street; whereas, according to the proof, the nuisance was on private property, on the back end of lot No. 83, which bounds on Commerce street. But if the indictment is sufficient as charging the offense to have been committed on Commerce street, then the proof varies from the charge, showing the offense to have been committed on lot No. 83, and not on Commerce street, and for that reason a new trial ought to have been given. It is true that it might be inferred from the language of the charge, that defendant had such control over the place where the nuisance was as to make him responsible for its continuance there; but the rule is, that the indictment must charge the crime with certainty and precision, and must contain a complete description of such facts and circumstances as will constitute the crime, and not merely state a legal result. *Pearce* v. *The State,* 1 Sneed, 65.

We are therefore of opinion that this objection to the indictment was well taken, and that the judgment ought to have been arrested.

3. The objection that the court erred in refusing to allow the defendant to testify, was not well taken. It is only in civil cases that parties can testify.

The judgment is reversed and arrested and the cause remanded.