## Van Jones, Henrietta Williams and William Taylor *v.* The State.

ENTICING FEMALE. *Requisites of an indictment for.* *Section* 5370 *of Code.* An indictment, under section 5370 of the Code, which charges that the defendant " did entice, etc., the said female to leave the house of her parents," without any averment as to who her parents were, or that the same was against their will and consent, is bad, and should have been quashed.

### FROM SHELBY.

Appeal in error from the Criminal Court of Shelby county. A. H. DOUGLASS, J.

T. F. CASSELLS and RALPH DAVIS for Jones, Williams and Taylor.

ATTORNEY-GENERAL LEA for the State.

COOKE, J., delivered the opinion of the court.

The indictment against the prisoners is as follows:

Jones, Williams and Taylor *v.* The State.

that they on, etc., "wilfully, unlawfully and feloniously did entice and procure Agnes Lester, a female under the age of fifteen years, theretofore reputed to be a virtuous female, to leave the house of her parents, and resort to places and houses for the purpose of prostitution, against," etc.

Section 5370, of the new Code, is as follows: "Any person who takes any female from her father, mother, guardian or other person having the legal charge of her, without his or her consent, for the purpose of prostitution or concubinage, shall, upon conviction, be imprisoned in the penitentiary not less than ten nor more than twenty-one years."

Section 5655, is as follows: "Any person who inveigles or entices any female, before reputed virtuous, to a house of ill-fame, or knowingly conceals or aids and abets in concealing such female so deluded or enticed, for the purpose of prostitution or lewdness, shall be punished by imprisonment in the penitentiary not less than two nor more than ten years."

The defendants moved to quash the indictment, which motion was overruled, and they were tried and convicted, and Jones and Williams sentenced to the penitentiary for the term of twenty-one years, and Taylor for ten years. A new trial was refused them and they have appealed to this court.

This indictment should have been quashed. The trial judge held that the indictment was under section 5870 of the Code above cited, and was sufficient under that section. But it fails to charge that said female, Agnes Lester, was taken from her father or other

person having the legal charge of her, or that it was without his or her consent, the language of the indictment being, did entice, etc., *to leave the house of her parents*, without any averment as to who her parents were, or that she was under their legal custody or control, or that the same was against their will or consent. Prosecutions can not be sustained by intendment, but everything necessary to constitute the offense must be averred: 6 Yer., 531; Peck, 66; 2 Hum., 79; 8 Hum., 596; 3 Lea, 705; 7 Hum., 158; 3 Cold., 129; 3 Heis., 71, 278; 7 Baxt., 520.

While the draftsman of the indictment seems to have had some of the provisions of each of the above cited sections in his mind, it is insufficient under either, there being no averment that said female was inveigled or enticed to a house of ill-fame, or having been so enticed, was concealed for purposes of prostitution, etc., hence the indictment is had under section 5655. It is not claimed, however, to be under that section. The defendant, Taylor, applied for a severance, and supported his application with a very strong affidavit, showing that the testimony of Jones was very material for him. This the court refused, but allowed both Taylor and Jones to be examined on the trial in behalf of each other. While we might not be inclined to hold that this was reversible error, we think it would have been better practice to have granted the severance as to Taylor. All the proof shows, very satisfactorily, that he had nothing to do with enticing or taking the girl away from her home, but that, after having been enticed away some time in the

evening, she was taken to the house of Taylor about midnight by Jones, where she was found by those in search of her, perhaps two hours afterward. If there was nothing else in the way, we should be reluctant to permit the conviction to stand as to Taylor, as we do not think the proof is satisfactory as to his knowledge of, or participation in, the object of the other defendants, assuming they were guilty, about which, of course, we do not express an opinion, as they are likely to be tried again. Nor do we think the evidence was sufficient to authorize the charge that was given as to co-conspirators as against him.

The prisoners requested a number of specific charges upon the trial, which were disposed of in very much the same manner, and the action of the court in relation to which is subject to the same objection as stated in the case of *Lang* v. *State,* 16 Lea, 433.

The judgment of the criminal court must be reversed, the indictment quashed and the defendants held and remanded to the criminal court of Memphis, to answer such further charge as may be preferred against them.