LYNN WARDEN and EUNICE BARROWMAN

*v.*

STATE OF TENNESSEE.

381 S.W.2d 244.

(*Knoxville,* September Term, 1963.)

May Session, 1964.)

Opinion filed July 15, 1964.

Thomas E. Mitchell, Johnson City, for plaintiffs in error.

George F. McCanless, Attorney General, Edgar P. Calhoun, Assistant Attorney General, for the State.

Mr. Justice Felts delivered the opinion of the Court.

Plaintiffs in error were convicted of possession of intoxicating liquors for sale, as a second-offense felony (T.C.A. secs. 39-2527, 39-2528), and their punishment fixed by the jury at three years in the penitentiary. The Trial Judge entered judgment sentencing them to not less than one year nor more than three years in the penitentiary. They appealed in error.

T.C.A. sec. 39-2527 makes possession of intoxicating liquors for sale a misdemeanor punishable by fine of not less than $100.00 nor more than $500.00, and imprisonment for not less than 30 days nor more than six months. T.C.A. sec. 39-2528 provides that a "second or subsequent violation" of sec. 39-2527 shall be a felony punishable by imprisonment of not less than one year, nor more than five years, in the penitentiary.

The question in the case is the validity of the indictment: whether it stated facts and circumstances as to the prior offenses sufficient in law to constitute a second-offense felony under the statute, and to give plaintiffs in error the requisite notice as to the prior offenses to be proved against them. The indictment, in one count, charged them with possession of intoxicating liquors on March 30, 1963, and that

"the offense herein presented is a second or subsequent violation of Section 39-2527, Tenn. Code Ann. and as such constitutes a felony as provided by Section 39-2528, Tenn. Code Ann., the defendants having heretofore in this Court and by this Grand Jury been indicted for possession intoxicating liquors in violation of Sect. 39-2527, T.C.A., and on Jan. 19, 1963, on January 22, 1963, and on January 26, 1963, *and upon con-*

*viction for either of said offenses,* the offense herein presented is a felony. \* \* \*'' (italics ours).

■ This question involves a constitutional right of the accused—the right "to demand the *nature* and *cause* of the accusation against him, and to have a copy thereof" (Art. 1, sec. 9, same in our prior Constitutions). This is said to be a principle "as old as the common law"; it is that the indictment must state "such facts and circumstances as will constitute the crime, and not merely a legal result" or conclusion (italics ours). *Pearce v. State,* 33 Tenn. 64, 67-68 (1853); *Hall v. State,* 43 Tenn. 125, 128 (1866); *Cornell v. State,* 66 Tenn. 520, 523 (1874).

This principle has been embodied in our statute (1932 Code sec. 11624, T.C.A. sec. 40-1802): "The indictment must state the facts constituting the offense in ordinary and concise language, \* \* \* in such a manner as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment \* \* \*."

In *Inman v. State,* 195 Tenn. 303, 304-305, 259 S.W.2d 531 (opinion by Associate, now Chief, Justice Burnett), it is said the test of the sufficiency of an indictment or presentment is

" 'whether it contains the elements of the offense intended to be charged, "and sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction." ' "

We think the indictment here failed to meet this test—failed to state facts and circumstances sufficient in law to constitute the elements of the felony on which plaintiffs in error were tried and convicted. Such elements are (1) that they had possession of intoxicating liquor for sale; and (2) that such possession was "a second or subsequent violation" of T.C.A. sec. 39-2527, and, therefore, a felony under sec. 39-2528.

So, it was necessary that the indictment state not only the fact of such possession, but also the fact that it was a second possession with reasonable certainty as to places and times of the prior possession or possessions so as to apprise plaintiffs in error of what they "must be prepared to meet," and to show "with accuracy" to what extent they may plead the acquittal or conviction as a bar to subsequent similar proceedings against them.

As we have seen, the indictment did state that "the offense herein presented is a second or subsequent violation" of sec. 39-2527, and a felony under sec. 39-2528. This, however, was not a "complete description of such facts and circumstances as constituted the crime," but was a mere statement of a legal result or conclusion and, therefore, insufficient to charge any offense or inform defendants what they were called on to meet. *Pearce v. State,* supra; *Cornell v. State,* supra; *Jones v. State,* 84 Tenn. 466, 468; *Robinson v. City of Memphis,* 197 Tenn. 598, 602-603, 277 S.W.2d 341.

The pleader apparently recognized this deficiency, for he went on to state: "defendants having heretofore in this Court and by this Grand Jury been *indicted* for possessing intoxicating liquors * * * and upon *conviction* for either of said offenses, the offense herein presented is a felony * * *" (italics ours). This, however, was not an

averment of the facts constituting a felony, but merely a hypothetical averment that defendants had been indicted and, if convicted on either of such indictments, ''the offense herein presented is a felony.''

An averment of possession in violation of sec. 39-2527, plus an averment that the possessor had been indicted for prior possessions without averring a conviction under such indictments, was insufficient to charge a felony under sec. 39-2528. In order to do that, it was necessary for the pleader to aver not merely an indictment, but the fact of conviction of prior possession. It is expressly so provided under our statutes forbidding sales of intoxicants and making the second sale a felony. T.C.A. sec. 39-2504.

We think this case comes within the principle established by decisions of this Court and of the federal courts, to the effect that where a statute provides for proof of prior convictions and requires increased punishment for second or subsequent offenses, the indictment, in order to charge a second or subsequent offense, must aver not only the convictions of prior offenses, but also such circumstances of time and place as to inform the accused of what proofs of prior offenses may be offered against him and enable him to be prepared to make his defense; and an indictment failing in these requisites is invalid and a conviction based thereon is void.

Some of the cases so holding are *Rhea v. Edwards* (U.S.Dist.Ct., Tenn., opinion by Judge Davies, 1955 (involving our Habitual Criminal Act, now T.C.A. secs. 40-2801, 40-2804)), 136 F.Supp. 671, aff'd sub nom. *Edwards v. Rhea,* 6 Cir., 238 F.2d 850; *In re Boyd* (U.S. Dist. Ct., Tenn., opinion by Judge Miller, 1959 (involving our Habitual Criminal Act)), 189 F.Supp. 113, aff'd sub nom.

*Bomar v. Boyd,* 6 Cir., 281 F.2d 195; *Frost v. State* (opinion by Justice Tomlinson, involving second-offense conviction of driving while drunk (T.C.A. secs. 59-1031, 59-1035)), 203 Tenn. 549, 314 S.W.2d 33; *Frost v. State* (second appeal (opinion by Justice Tomlinson)), 205 Tenn. 671, 330 S.W.2d 303, 80 A.L.R.2d 1191.

██ ██ It is true that in the case before us there was no motion to quash the indictment, as there was in the Frost case, supra. It is also true that where a pleading or an indictment is defective in its statement of the cause of action and such defect would be fatal on demurrer or motion to quash, yet it will be cured on the trial if the issues made by the pleadings required proof of the facts so defectively stated or omitted. *Magevney v. Karsch,* 167 Tenn. 32, 48, 65 S.W.2d 562, 92 A.L.R. 343.

But this rule does not apply where the pleading or indictment wholly fails to state a cause of action. In such case, proof of facts not averred cannot be admitted in evidence. As said by Judge Tomlinson in *Robinson v. City of Memphis,* supra, it is necessary to distinguish between a pleading that is void and one that is merely defective or voidable only (197 Tenn. 602-603, 277 S.W.2d 343-344). In the former case, a judgment entered on such pleading is void.

It seems clear that if a judgment should be entered upon the indictment before us and if plaintiffs in error were imprisoned thereunder, such judgment and imprisonment would be held void and illegal upon habeas corpus under *Rhea v. Edwards,* supra and *In re Boyd,* supra.

For these reasons, the judgment below is reversed and the case is remanded for further proceedings not inconsistent with this opinion.