IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

JULY 1997 SESSION

FILED

September 10, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 03C01-9701-CR-00004 |
| | ) | |
| Appellee | ) | KNOX COUNTY |
| | ) | |
| v. | ) | HON. RAY L. JENKINS, |
| | ) | JUDGE |
| STEVEN F. FARR, | ) | |
| | ) | Rape of a child (2 counts); |
| Appellant | ) | aggravated sexual battery (2 counts) |

FOR THE APPELLANT

Julie A. Martin
P.O. Box 426
Knoxville, TN 37901-0426

FOR THE APPELLEE

John Knox Walkup
Attorney General & Reporter

Marvin E. Clements, Jr.
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

Randall E. Nichols
District Attorney General

Charme Johnson
Assistant District Attorney General
City-County Bldg.
Knoxville, TN 37901-0426

OPINION FILED _____

AFFIRMED

JOHN K. BYERS
SENIOR JUDGE

**O P I N I O N**

The defendant was convicted of two counts of the rape of a child and two counts of aggravated sexual battery. He was sentenced to serve 23 years on each rape conviction and 11 years on each of the aggravated sexual battery convictions as a Range 1 offender. The sentences were ordered to be served concurrently.

The defendant raises the following issues on appeal:

I.      Whether the evidence was sufficient for any rational trier of fact to convict defendant beyond a reasonable doubt of each and every element of child rape and aggravated sexual battery.

II.     Whether the trial court erred by denying defendant's motion to dismiss when the state failed to allege the required element of *mens rea* in two of the four counts of the indictment.

III.    Whether the trial court was justified in sentencing defendant to serve almost the maximum sentence for each charge for which he was convicted.

The judgment of the trial court is affirmed.

The victim in this case lived with her mother and the defendant. The mother was arrested and incarcerated in May 1993, and the victim and the defendant remained in the home.

We need not go into explicit detail concerning the sordid facts in this case. It is enough to say the state presented sufficient evidence to convict the defendant of the four offenses if the jury believed the state's witnesses. The defendant testified he did not commit the acts alleged in the indictment and testified to by the state's witnesses. He and other defense witnesses attacked the credibility of the victim and other witnesses who testified for the state.

The jury, by their verdict, and the trial judge, by his approval thereof, have accredited the state's witnesses. The defendant asks us to discredit them on appeal.

At trial, the jury resolves conflict in the testimony of witnesses and determines their credibility. *Cabbage v. State*, 571 S.W.2d 832 (Tenn. 1978). On appeal, we weigh the evidence to determine if it is sufficient for a rational trier of fact to find guilt beyond a reasonable doubt. *State v. Evans*, 838 S.W.2d 185 (Tenn. 1992). We have weighed the evidence in this case in the context required and find it is sufficient for a rational trier of fact to find guilt beyond a reasonable doubt.

The defendant contends the trial judge should have stricken counts 3 and 4 of the indictment because they failed to allege any *mens rea* requisite for the offenses of aggravated sexual battery contained therein. The defendant cites no cases in support of this issue but insists statutory requirements compel a dismissal of the charges.

There appears to be two significant cases, which are pending review by the Supreme Court, dealing with this issue, *State v. Hill*, C.C.A. No. 01C01-9508-CC-00207 (Tenn. Crim. App., filed at Nashville, June 29, 1996) and *State v. James*, C.C.A. No. 01C01-0601-CR-00016 (Tenn. Crim. App., filed at Nashville, May 27. 1997).

We adopt and set out herein the reasoning of the Court of Criminal Appeals in *James* on the issue:

> An indictment has three (3) purposes in Tennessee; namely, (1) to inform the defendant of the precise charges; (2) to enable the trial court upon conviction to enter an appropriate judgment and sentence, and (3) to protect the defendant against double jeopardy. *State v. Trusty*, 919 S.W.2d 305, 309 (Tenn. 1996). The facts must be stated in ordinary and concise language so that a person of "common understanding" will know what is intended. *Warden v. State*, 214 Tenn. 391, 381 S.W.2d 244 (1964).
> Furthermore, in *Campbell v. State*, 491 S.W.2d 359, 361 (Tenn. 1973) (emphasis supplied), while addressing the sufficiency of an indictment charging the offense of murder, our Supreme Court stated the following:
>> "While it seems clear that the indictment in *Witt* was insufficient in that it failed to charge an element, that the murder was committed unlawfully, in either the language of the statute or common law or words of equivalent import, the decision is confusing because of the language, `fatally defective in omitting the charge that the offense was committed feloniously or with malice aforethought; and containing no words of equivalent import.' *It is clear, however, that had the indictment used the words `feloniously' or `unlawfully', it would have been sufficient.*"

By containing the words found in the language of the statutes on aggravated rape and aggravated sexual battery, the indictment at issue sufficiently apprised James of the offenses charged. The charges were stated in ordinary and concise language so that a person of common understanding would know what was intended.

For the above reasons we decline to follow *Hill* and find this indictment was sufficient to charge the offenses of aggravated rape and aggravated sexual battery.

### C.

Furthermore, *Hill* has no application to those counts of the indictment charging the offense of aggravated sexual battery. *Hill* dealt only with the charge of aggravated rape.

Aggravated sexual battery as defined in T.C.A. § 39-13-504 is "unlawful sexual contact" with a victim "less than thirteen (13) years of age." T.C.A. § 39-13-501(6) defines "sexual contact" as the

"... *intentional* touching of the victim's, the defendant's or any other person's intimate parts, or the *intentional* touching of the clothing covering the immediate area of the victim's, the defendant's, or any other person's intimate parts, if that *intentional* touching can be reasonably construed as being for the purpose of sexual arousal or gratification (emphasis added)."

Therefore, the mental element of "intentional" is included in the definition of "sexual contact" and is impliedly included within the indictment. By statutory definition the only way one can have "sexual contact" is by the "intentional touching . . . for the purpose of sexual arousal or gratification." *Id.*

We therefore conclude that *Hill* is distinguishable as to those counts charging aggravated sexual battery.

The defendant claims the trial judge erred in sentencing the defendant to 23 years on each rape conviction and 11 years on each aggravated sexual battery conviction. At the time of the offense, the presumptive sentence for the rape of a child was 15 years, and it was 8 years for aggravated sexual battery.

The record in this case shows the defendant has a history of previous convictions including several burglaries and various alcohol-related crimes plus a conviction for escape. The trial judge applied this enhancing factor to all of the offenses.

The record shows the personal injuries inflicted on the victim were great. The victim had undergone and, at the time of sentencing, was still undergoing extensive psychological treatment as a result of the trauma inflicted upon her by the defendant's conduct.

The trial court found the enhancing factors that the offenses involved a victim and were done to gratify the defendant's desire for pleasure or excitement to be applicable to the charges of rape. Further, the record shows, and the trial court

-4-

found, the defendant violated a position of trust at the time of the offense, because he stood in the position of *locus parentis* to the victim.

The defendant presented few mitigating factors, if any.

Previously, the defendant argued the trial court should consider that he had been an alcoholic and abused child and that he was now attempting to reform his life.

We review the sentencing proceeding *de novo* upon the record with a presumption of correctness, T.C.A. § 40-35-401, conditioned upon a showing the trial court has considered all the principles of sentencing and circumstances and facts in the case. *State v. Ashby*, 823 S.W.2d 166 (Tenn. 1991). The defendant must show the sentence is improper. *State v. Gregory*, 862 S.W.2d 574 (Tenn. Crim. App. 1993).

The defendant has failed to show the trial judge's sentence is not appropriate. We therefore affirm the sentence in this case.

_____
                                      John K. Byers, Senior Judge

CONCUR:


_____
David H. Welles, Judge



_____
Thomas T. Woodall, Judge