## IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### OCTOBER 1997 SESSION



**FILED**

**October 17, 1997**

**Cecil Crowson, Jr.**
Appellate Court Clerk

**MARK L. GRIMES,**

    Appellant,

V.

**BILLY COMPTON, WARDEN,**

    Appellee.

) C.C.A. No. 02C01-9610-CC-00337
)
) Lake County
)
) Honorable Joe G. Riley, Jr., Judge
)
)
) (Habeas Corpus-Rape)
)

FOR THE APPELLANT:

Mark L. Grimes, <u>Pro</u> <u>se</u>
Route 1, Box 330
Tiptonville, TN 38079-9775

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter

Deborah A. Tullis
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-4351

C. Phillip Bivens
District Attorney General
P.O. Drawer E
Dyersburg, TN 38024

OPINION FILED: _____

**AFFIRMED**

**PAUL G. SUMMERS,**
Judge

**O P I N I O N**

The appellant, Mark L. Grimes, pled guilty to rape. He was sentenced to twelve years incarceration in the Tennessee Department of Correction. He, thereafter, filed a petition for habeas corpus relief. In his petition he alleged that the indictment against him was insufficient for failing to allege a mens rea. He contends his conviction is void. The trial court dismissed the petition finding that it was not proper for habeas corpus review. The trial court based this finding on the fact that the appellant's conviction was not void on its face and that his sentence had not expired. He appeals this dismissal. Upon review, we affirm.

The appellant contends that the indictment against him did not sufficiently allege the mens rea for rape.[1] He argues that his conviction is, therefore, void. The appellant bases his contention on State v. Hill, No. 01C01-9508-CC-00267 (Tenn. Crim. App., at Nashville, filed June 20, 1996). We note that several panels of this Court have refused to follow Hill and that it is currently pending review by the Tennessee Supreme Court.[2]

In Tennessee an indictment must (1) inform the defendant of the precise charges; (2) enable the trial court to enter an appropriate judgment and sentence upon conviction; and (3) protect the defendant against double jeopardy. State v. Trusty, 919 S.W.2d 305, 309 (Tenn. 1996). It must be stated in ordinary and concise language so that a person of common understanding will know what is intended. Warden v. State, 381 S.W.2d 244 (Tenn. 1964).

The majority of this panel declines to follow Hill. We find that the appellant's indictment sufficiently alleged the elements of rape and was constitutionally sound. He was fully apprised of the charges against him in ordinary and concise language. The appellant's indictment gave the convicting

---

[1]The indictment against the appellant stated: "on July 7, 1992, in Shelby County, . . . did unlawfully and coercively sexually penetrate [the victim] in violation of Tenn. Code Ann. § 39-13-503."

[2]For example, State v. Wilson, No. 03C01-9511-CC-00355 (Tenn. Crim. App. at Knoxville, filed Mar. 25, 1997); State v. Burrell, No. 03C01-9404-CR-00157 (Tenn. Crim. App. at Knoxville, filed Feb. 11, 1997).

court an adequate basis for subject matter jurisdiction. Therefore, the appellant's conviction is not void and is improper for habeas corpus review.

Accordingly, we find no error of law mandating reversal. The judgment of the trial court is affirmed.

_____
PAUL G. SUMMERS, Judge

CONCUR:


_____
JOHN H. PEAY, Judge


_____
DAVID G. HAYES, Judge