IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 26, 2010

### JONATHAN DAVIS v. JIM MORROW, WARDEN

**Appeal from the Circuit Court for Bledsoe County**
**No. 2009-CR-52      J. Curtis Smith, Judge**

**No. E2010-00396-CCA-R3-HC - Filed July 19, 2010**

The Petitioner, Jonathan Davis, appeals from the Bledsoe County Circuit Court's summary dismissal of his petition for habeas corpus relief. The habeas corpus court found that the Petitioner failed to state a cognizable claim for relief. Upon review, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and NORMA MCGEE OGLE, JJ., joined.

Jonathan Davis, Pikeville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General & Reporter; and Matthew Bryant Haskell, Assistant Attorney General, for the Appellee, State of Tennessee.

**OPINION**

A Maury County Circuit Court jury convicted the Petitioner of two counts of first degree felony murder and one count of attempted aggravated robbery. See State v. William Edward Watkins and Jonathan Davis, No. 01C01-9701-CC-00004, 1997 WL 766462, at *10 (Tenn. Crim. App., at Nashville, Dec. 12, 1997), perm. to appeal denied (Tenn. Sept. 21, 1998). He was sentenced to two life sentences for the felony murder convictions and three years for the attempted aggravated robbery conviction, all of which were to be served consecutively. See id. The Petitioner's convictions and sentences were affirmed on direct appeal. See id. This court summarized the facts supporting the Petitioner's convictions in the direct appeal:

On March 28, 1994, Watkins borrowed a gun from Lamont Orr. He met some friends at Columbia Gardens Apartments, and they began discussing a proposed plan to rob the Richland Inn. Davis approached the group and agreed to rob the Richland Inn. Watkins gave Davis the .22 caliber handgun and a ski mask, and they both walked towards the motel. The others in the group decided that they did not want to participate in any criminal activity and stayed behind.

Elwood Sinson,[1] a guest at the Richland Inn, was meeting a business associate in his room on the ground floor. As he was waiting for his associate to open the door, he saw Davis jump from a brick wall on the side of the parking lot and walk towards him. Davis quickened his speed and aimed the gun at Sinson and said, "your money or your life." Sinson was able to get inside the motel room before Davis could do anything further.

After the failed robbery attempt at the Richland Inn, Watkins and Davis decided to rob Lamont Orr. They went to Orr's trailer, where he lived with his girlfriend, Elizabeth Smith. Orr left with them when Watkins and Davis told him that they were going to participate in a cocaine transaction. Orr drove Watkins and Davis to the parking lot of Brown's School. Upon arrival at the parking lot, Davis without any provocation shot Orr in the head. Orr was also shot a second time in the head and died as a result of these wounds. Although Orr was seen with 15-20 rocks of crack cocaine earlier that day, no drugs were found on his person after his death.

Because Smith had seen Orr leave with them, Watkins and Davis returned to the trailer. Smith was fatally shot once in the head. Earlier that evening, Smith was seen with $100. No money was found at the trailer after the homicide, and there was also evidence that some cocaine was missing from the trailer. Davis was subsequently seen wearing rings which he claimed he had taken from Smith.

---

[1]At trial the State presented evidence that a victim's name was "Elwood Sinson," rather than "Edward Sensor," as listed in the indictment. See William Edward Watkins and Jonathan Davis, 1997 WL 766462, at *2. The State also announced, prior to Sinson's testimony at trial, that his name was incorrectly listed on the indictment. Id. Neither Davis nor Watkins, who were being jointly tried, objected. Id. On appeal, Watkins argued that the fact that the victim's name at trial differed from the name listed in the indictment created a fatal variance. Id. However, Watkins failed to include this issue in his motion for a new trial. Id. This court concluded that the failure to include the issue in Watkins' motion for a new trial waived the issue for appellate review. Id. However, waiver notwithstanding, we concluded that the variance was not fatal because it was neither material nor prejudicial. Id.

Watkins was arrested two days later on an unrelated forgery charge. After being questioned on the murders, Watkins gave a statement implicating himself and Davis in the attempted robbery of Sinson and the homicides of Orr and Smith. Davis subsequently confessed to the crimes as well.

After a joint jury trial, both defendants were convicted of one (1) count of attempted aggravated robbery and two (2) counts of first degree felony murder. For both defendants, the trial court imposed consecutive sentences of life imprisonment for each count of felony murder and three (3) years for attempted aggravated robbery.

Id. at *1-2.

The Petitioner also filed a petition for post-conviction relief, in which he alleged that both trial counsel and appellate counsel had rendered ineffective assistance. See Jonathan Davis v. State, No. M2000-01158-CCA-R3-PC, 2001 WL 922209, at *1 (Tenn. Crim. App., at Nashville, Aug. 16, 2001), perm. to appeal denied (Tenn. Dec. 10, 2001). This court affirmed the post-conviction court's denial of relief on appeal. See id.

On October 28, 2009, the Petitioner filed a pro se petition for habeas corpus relief in the Bledsoe County Circuit Court. In the petition, the petitioner alleged the following: (1) he was indicted for attempted aggravated robbery but was convicted of aggravated robbery, and (2) there were no underlying felonies to support his convictions for felony murder. On November 25, 2009, the trial court summarily denied the petition. The Petitioner then filed a timely notice of appeal on December 14, 2009.

On appeal, the Petitioner concedes that he was, in fact, convicted of attempted aggravated robbery at trial. Therefore, the Petitioner's only two issues on appeal are (1) there were no underlying felonies to support his two felony murder convictions, and (2) the related issue that the indictment stated a legal conclusion in violation of Warden v. State, 381 S.W.2d 244, 245 (Tenn. 1964). In response, the State argues the habeas corpus court's summary dismissal of the petition was proper because the Petitioner failed to state a cognizable claim. We agree with the State.

"The determination of whether habeas corpus relief should be granted is a question of law." Faulkner v. State, 226 S.W.3d 358, 361 (Tenn. 2007) (citing Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000)). Accordingly, our review is de novo without a presumption of correctness. Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007) (citing State v. Livingston, 197 S.W.3d 710, 712 (Tenn. 2006)).

A prisoner is guaranteed the right to habeas corpus relief under article I, section 15 of the Tennessee Constitution. See also T.C.A. § 29-21-101 to -130. However, the grounds upon which a writ of habeas corpus may be issued are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). "Habeas corpus relief is available in Tennessee only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993) (quoting State v. Galloway, 45 Tenn. 326, 337 (1868)). "[T]he purpose of a habeas corpus petition is to contest void and not merely voidable judgments." Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992). "A void judgment is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Taylor, 995 S.W.2d at 83. However, as the Tennessee Supreme Court stated in Hickman:

> [A] voidable judgment is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity. Thus, in all cases where a petitioner must introduce proof beyond the record to establish the invalidity of his conviction, then that conviction by definition is merely voidable, and a Tennessee Court cannot issue the writ of habeas corpus under such circumstances.

Hickman v. State, 153 S.W.3d 16, 24 (Tenn. 2004) (internal citations, quotations, and emphasis omitted); see also Summers, 212 S.W.3d at 256. Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, that the judgment is void or that the confinement is illegal. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

If the habeas corpus court determines from the petitioner's filings that no cognizable claim has been stated and that the petitioner is not entitled to relief, the petition for writ of habeas corpus may be summarily dismissed. See Hickman, 153 S.W.3d at 20. Further, the habeas corpus court may summarily dismiss the petition without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions are void. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994), perm. to appeal denied (Tenn. Nov. 28, 1994), superseded by statute as stated in State v. Steven S. Newman, No. 02C01-9707-CC-00266, 1998 WL 104492, at *1 n.2 (Tenn. Crim. App., at Jackson, Mar. 11, 1998). "The petitioner bears the burden of providing an adequate record for summary review of the habeas corpus petition, including consideration of whether counsel should be appointed." Summers, 212 S.W.3d at 261.

First, the Petitioner contends that there were no underlying felonies to support his two felony murder convictions.  This allegation is not supported by the record.  Here, the indictment charged the Petitioner with three counts: two counts of first degree felony murder committed in the perpetration of an armed robbery and one count of attempted aggravated robbery.  The  language of the three count indictment follows:

### [COUNT ONE]

The Grand Jurors of Maury County, Tennessee, duly impaneled, and sworn upon their oath, present:  That Jonathan Davis, on or about the 28th day of March, 1994, in Maury County, Tennessee and before the finding of this indictment, did unlawfully and knowingly or intentionally attempt to obtain property, to wit:  money, from the person of Edward Sensor, by violence and accomplished with a deadly weapon, to wit:  a gun, with the intent to deprive Edward Sensor of the property without his effective consent, in violation of Tennessee Code Annotated 39-13-402, all of which is against the peace and dignity of the State of Tennessee.

### COUNT TWO

And the Grand Jurors aforesaid, upon their oath aforesaid, do further present that on or about the 28th day of March, 1994, in the State of Tennessee and County of Maury, that Jonathon Davis, before the finding of this indictment, did unlawfully and recklessly kill Charles Lamont Orr during the perpetration of Armed Robbery, in violation of Tennessee Code Annotated 39-13-202, all of which is against the peace and dignity of the State of Tennessee.

. . . .

### COUNT THREE

And the Grand Jurors aforesaid, upon their oath aforesaid, do further present that on or about the 28th day of March, 1994, in the State of Tennessee and County of Maury, that Jonathon Davis, before the finding of this indictment, did unlawfully and recklessly kill Elizabeth Smith during the perpetration of Armed Robbery, in violation of Tennessee Code Annotated 39-13-202, all of which is against the peace and dignity of the State of Tennessee.

The Petitioner contends that the State improperly used the attempted aggravated robbery offense in count one of the indictment as the underlying offense for the two counts

of first degree felony murder. He argues that the attempted aggravated robbery in the first count "was a separate, distinct, and independent event" that was "in no way . . . related to the felony murders." The record shows that the underlying felonies for counts two and three were not the attempted aggravated robbery offense in count one; instead, the underlying felonies were the armed robbery offenses against Orr and Smith. We note that the indictment does not contain separate counts charging the Petitioner with the separate offenses of armed robbery against Orr and Smith. However, each count charging felony murder alleges that the murder occurred "during the perpetration of Armed Robbery." The Tennessee Supreme Court has held that "an indictment or presentment must provide a defendant with notice of the offense charged, provide the court with an adequate ground upon which a proper judgment may be entered, and provide the defendant with protection against double jeopardy." State v. Byrd, 820 S.W.2d 739, 741 (Tenn. 1991) (citing State v. Pearce, 7 Tenn. (Peck) 66, 67 (1823); State v. Haynes, 720 S.W.2d 76, 82 (Tenn. Crim. App. 1986), perm. to appeal denied (Tenn. Sept. 29, 1986 )); see also Mathas T. Vaughn v. James Worthington, Warden, No. E2007-00808-CCA-R3-HC, 2008 WL 58956, at *2 (Tenn. Crim. App., at Knoxville, Jan. 4, 2008) (concluding that although the indictment did not charge the defendant with a separate count of robbery, the fact that "[t]he count charging felony murder . . . allege[d] that the murder occurred during the perpetration of a robbery" was sufficient to satisfy Byrd). Here, we conclude that the language in the Petitioner's indictment provided him with notice of the offenses charged, allowed for a proper judgment to be entered, and protected him against double jeopardy. See Byrd, 820 S.W.2d at 741. We further conclude that the underlying felonies were sufficiently stated in the felony murder counts of the indictment.

Furthermore, in considering this issue, the habeas corpus court determined that the Petitioner was essentially challenging the sufficiency of the convicting evidence. Citing Gant, the habeas corpus court reiterated that a claim challenging the sufficiency of the evidence is not cognizable in a habeas corpus proceeding. See Gant v. State, 507 S.W.2d 133, 136 (Tenn. Crim. App. 1973) (stating that habeas corpus proceedings may not be used to challenge the sufficiency of evidence presented at trial), perm. to appeal denied (Tenn. Feb. 4, 1974). Moreover, the sufficiency of the convicting evidence was upheld on direct appeal. See William Edward Watkins and Jonathan Davis, 1997 WL 766462, at *1. The Tennessee Supreme Court has held that pursuant to the law of the case doctrine an appellate court may not consider issues that have been previously determined on appeal:

> [U]nder the law of the case doctrine, an appellate court's decision on an issue of law is binding in later trials and appeals of the same case if the facts on the second trial or appeal are substantially the same as the facts in the first trial or appeal. The doctrine applies to issues that were actually before the appellate

court in the first appeal and to issues that were necessarily decided by implication. The doctrine does not apply to dicta.

Memphis Publ'g Co. v. Tenn. Petroleum Underground Storage Tank Bd., 975 S.W.2d 303, 306 (Tenn. 1998) (internal citations omitted); see also Creech v. Addington, 281 S.W.3d 363, 383 (Tenn. 2009). Therefore, we also conclude that this court has previously determined this issue. Accordingly, the petitioner is not entitled to relief on this issue.

Second, the Petitioner argues that the indictment against him was fatally defective. In other words, the Petitioner claims that all three counts of the indictment stated a legal conclusion. The State fails to address this issue in its brief. The Petitioner cites Warden for the proposition that the "indictment must state such facts and circumstances as will constitute the crime, and not merely a legal result or conclusion." Warden, 381 S.W.2d at 245 (citing Pearce v. State, 33 Tenn. 64, 67-68 (1853); Hall v. State, 43 Tenn. 125, 128 (1866); Cornell v. State, 66 Tenn. 520, 523 (1874)) (internal quotations omitted). He further contends, pursuant to Warden, that a judgment based upon an indictment that fails to state the elements of the offense is void. See id. at 245-46. The Petitioner claims that the attempted aggravated robbery offense in count one of the indictment states a legal conclusion because it fails to allege all of the elements constituting the crime. Specifically, he claims that count one fails to allege that the victim was placed in fear. The Petitioner also contends that counts two and three state a legal conclusion because they fail to allege the facts and circumstances of the underlying felonies.

In order to convict the Petitioner in this case, the State was required to prove the elements of attempted aggravated robbery and first degree felony murder. Aggravated robbery is defined as "the intentional or knowing theft of property from the person of another by violence or putting the person in fear" that is "[a]ccomplished with a deadly weapon or by display of any article used or fashioned to lead the victim to reasonably believe it to be a deadly weapon." T.C.A. § 39-13-401(a), -402(a)(1) (1991). In addition, criminal attempt is defined as follows:

A person commits criminal attempt who, acting with the kind of culpability otherwise required for the offense:

(1) Intentionally engages in action or causes a result that would constitute an offense, if the circumstances surrounding the conduct were as the person believes them to be;

(2) Acts with intent to cause a result that is an element of the offense, and believes the conduct will cause the result without further conduct on the person's part; or

(3) Acts with intent to complete a course of action or cause a result that would constitute the offense, under the circumstances surrounding the conduct as the person believes them to be, and the conduct constitutes a substantial step toward the commission of the offense.

T.C.A. § 39-12-101(a) (1991). Additionally, first degree felony murder is "[a] reckless killing of another committed in the perpetration of, or attempt to perpetrate any . . . robbery . . . ." T.C.A. § 39-13-202(a)(2) (1991).

The Tennessee Supreme Court has held that "the validity of an indictment . . . may be addressed in a petition for habeas corpus when the indictment is so defective as to deprive the court of jurisdiction." Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998). Under State v. Hill, much like the aforementioned Byrd case, an indictment for offenses occurring after November 1, 1989, is valid if it contains sufficient information "(1) to enable the accused to know the accusation to which answer is required, (2) to furnish the court adequate basis for the entry of a proper judgment, and (3) to protect the accused from double jeopardy." State v. Hill, 954 S.W.2d 725, 727 (Tenn. 1997). However, this court has previously concluded that the requirements in Hill do not "overturn the mandate of Warden that the indictment state facts and not mere results or conclusions." State v. Clark, 2 S.W.3d 233, 237 (Tenn. Crim. App. 1998).

Tennessee Code Annotated section 40-13-202 also contains the following requirements for indictments:

The indictment must state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in a manner so as to enable a person of common understanding to know what is intended and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment[.]

T.C.A. § 40-13-202 (1990). Moreover, indictments that are patterned after the "pertinent language of the statute" are typically "sufficient for constitutional and statutory purposes[.]" State v. Hammonds, 30 S.W.3d 294, 302 (Tenn. 2000) (internal footnote omitted). "The fundamental test of the sufficiency of an indictment is the adequacy of the notice to the defendant conveyed by its terms." Green v. State, 143 S.W.2d 713, 715 (Tenn. 1940).

Initially, we note that the Petitioner failed to attach a copy of the judgment of conviction for the attempted aggravated robbery offense. In his reply brief, the Petitioner explained that the District Attorney General sent him a copy of the judgment after his petition for habeas corpus relief was summarily dismissed. See T.C.A. § 29-21-107(b)(2). Despite the fact that he ultimately obtained a copy of this judgment, the Petitioner did not include a copy of this judgment in the record on appeal. Regardless of this omission, the record shows that count one of the indictment named the Petitioner as the defendant, included the language from the appropriate statute, named the specific code section of the statute, included the date of the offense, and named the victim of the offense. This information has previously been held sufficient to satisfy the requirements in Hill. See State v. Sledge, 15 S.W.3d 93, 95 (Tenn. 2000); see also Justin Mills v. Cherry Lindamood, Warden, No. M2008-01926-CCA-R3-HC, 2009 WL 723477, at *3 (Tenn. Crim. App., at Nashville, Feb. 19, 2008); Robert Howell v. Tony Parker, Warden, No. W2005-00521-CCA- R3-HC, 2005 WL 1541825, at *2 (Tenn. Crim. App., at Jackson, June 27, 2005), perm. to appeal denied (Tenn. Dec. 5, 2005). Additionally, the Petitioner contends that count one states a legal conclusion because it fails to allege that the victim was placed in fear. However, attempted aggravated robbery can be accomplished "by violence or putting the person in fear[.]" See T.C.A. § 39-13-401(a) (1991). Because count one clearly charged the Petitioner with attempting to obtain property from the victim "by violence[,]" we conclude that the Petitioner is not entitled to relief on this issue.

The Petitioner also contends that counts two and three state a legal conclusion because they fail to allege the facts and circumstances of the underlying felonies. As above, counts two and three for the first degree felony murder offenses satisfy the requirements in Hill because they named the Petitioner as the defendant, included the language from the felony murder statute, named the specific code section of the statute, stated the underlying felony, included the date of the offense, and named the victim of the offense. See Sledge, 15 S.W.3d at 95; see also Justin Mills, 2009 WL 723477, at *3; Robert Howell, 2005 WL 1541825, at *2. Because we have previously concluded that the underlying felonies in counts two and three are the armed robberies against Orr and Smith, we hold that counts two and three of the indictment properly allege the facts and circumstances of the underlying felonies. Upon review, we conclude that all three counts of the indictment in this case satisfy the constitutional and statutory requirements to properly vest jurisdiction in the trial court. See Jason Clark v. Cherry Lindamood, Warden, No. M2008-01926-CCA-R3-HC, 2009 WL 723477, at *3 (Tenn. Crim. App., at Nashville, Mar. 18, 2009) (citing Patrick Collier v. Cherry Lindamood, Warden, No. 2007-00777-CCA-R3-HC, 2007 WL 3274418, at *2 (Tenn. Crim. App., at Nashville, Nov. 6, 2007)). Therefore, because there are no jurisdictional defects in the indictment, the Petitioner's convictions are not void.

The Petitioner has not established that his judgments are void or his sentences have expired. Accordingly, the habeas corpus court's summary dismissal of the petition for habeas corpus relief was proper.

**Conclusion.** Upon review of the record and applicable law, this court concludes that the habeas court's summary dismissal of the petition for habeas corpus relief was proper.

_____
CAMILLE R. McMULLEN, JUDGE