**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT KNOXVILLE**

**AUGUST 1997 SESSION**



**FILED**

**October 1, 1997**

**Cecil Crowson, Jr.**
Appellate Court Clerk

**TIMOTHY ASHBURN,**

      Appellant,

V.

**STATE OF TENNESSEE,**

      Appellee.

) C.C.A. No. 03C01-9704-CR-00118
)
) Roane County
)
) Honorable E. Eugene Eblen, Judge
)
)
) (Post-conviction- Aggravated rape,
)  Aggravated kidnaping)

FOR THE APPELLANT:

L. Jeffrey Hagood
Attorney at Law
Riverview Tower, Suite 2100
900 S. Gay Street
Knoxville, TN 37902

Kenneth F. Irvine, Jr.
Attorney at Law
606 W. Main Street, Suite 350
P.O. Box 84
Knoxville, TN 37901-0084

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter

Sandy Copous Patrick
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

H. Greeley Wells, Jr.
District Attorney General

Frank Harvey
Asst. Dist. Attorney General
P.O. Box 703
Kingston, TN 37763

OPINION FILED: _____

**AFFIRMED**

**PAUL G. SUMMERS,**
Judge

**O P I N I O N**

The appellant, Timothy Ashburn, was convicted of three counts of aggravated rape and two counts of aggravated kidnaping. He received an effective sentence of seventeen years. On appeal, this Court affirmed the appellant's convictions and sentence. Thereafter, the appellant filed a petition for post-conviction relief alleging that the indictments against him failed to sufficiently allege the mens rea for aggravated rape. He also alleged that the Tennessee Department of Correction (TDOC) improperly classified him as a multiple rapist. After a hearing, the appellant's petition was denied and dismissed. He appeals this dismissal. We affirm.

In his first issue the appellant contends that the indictments against him did not sufficiently allege the mens rea for aggravated rape.[1] He argues that his convictions are void. The appellant bases his contention on State v. Hill, No. 01C01-9508-CC-00267 (Tenn. Crim. App. at Nashville, filed June 20, 1996). We note that several panels of this Court have refused to follow Hill and that it is currently being reviewed by the Tennessee Supreme Court.[2]

In Tennessee an indictment must (1) inform the defendant of the precise charges; (2) enable the trial court to enter an appropriate judgment and sentence upon conviction; and (3) protect the defendant against double jeopardy. State v. Trusty, 919 S.W.2d 305, 309 (Tenn. 1996). It must be stated in ordinary and concise language so that a person of common understanding will know what is intended. Warden v. State, 381 S.W.2d 244 (1964).

---

[1]Two of the appellant's indictments for aggravated rape allege that he did "unlawfully and forcibly," while armed with a pistol, sexually penetrate the victim. The third indictment alleges that the appellant "unlawfully, forcibly, or coercively" while armed with a pistol force the victim to sexually penetrate him.

[2]For example, State v. Wilson, No. 03C01-9511-CC-00355 (Tenn. Crim. App. at Knoxville, filed Mar. 25, 1997); State v. Burrell, No. 03C01-9404-CR-00157 (Tenn. Crim. App. at Knoxville, filed Feb. 11, 1997).

We find that the appellant's indictments sufficiently alleged the elements of aggravated rape. He was fully apprised of the charges against him in ordinary and concise language. This Court has previously considered almost identical indictment language in State v. Burrell, No. 03C01-9404-CR-00157 (Tenn. Crim. App. at Knoxville, filed Feb. 11, 1997). In Burrell, we held that the terms "force and coercion" necessarily imply the mens rea of intent. We find that the indictments against the appellant were constitutionally sufficient. This issue is without merit.

The appellant next contends that the Tennessee Department of Correction has independently and unlawfully classified him as a multiple rapist.[3] He correctly contends that the trial court classified him as a Standard, Range I offender, eligible for parole at 30%. He argues that reclassification by the Department of Correction requires him to serve his entire sentence and is a violation of his due process rights.

The post-conviction hearing judge ruled that he had no authority to change a classification by the Department of Correction. We agree with this determination.

The Tennessee Department of Correction is an agency of the state government subject to the provisions of the Administrative Procedures Act. Tenn. Code Ann. § 4-5-101 et seq. (1991). Actions controlled by this Act are subject to specific procedural safeguards that limit judicial review of such actions. The Department of Correction is not exempt from the provisions of this Act, except for situations involving prisoner disciplinary or job termination proceedings. Tenn. Code Ann. § 4-5-106(a) & (b) (1991). If the appellant

---

[3]Tenn. Code Ann. § 39-13-523 (b) (1991) provides: "Notwithstanding any other provision of law to the contrary, a multiple rapist or a child rapist, as defined in subsection (a), shall be required to serve the entire sentence imposed by the court undiminished by any sentence reduction credits such person may be eligible for or earn." A "multiple rapist" is defined as "a person convicted two (2) or more times of violating the provisions of § 39-13-502 or § 39-13-503, or a person convicted at least one (1) time of violating § 39-13-502, and at least one time of § 39-13-503. Tenn. Code Ann. § 39-13-523(a)(2) (1991).

chooses to challenge his reclassification, the appropriate forum is the Chancery Court of Davidson County. Tenn. Code Ann. § 4-5-224(a) (1991). Appellate review lies with the Tennessee Court of Appeals. Tenn. Code Ann. § 4-5-323(a) (1991). Therefore, this Court lacks subject matter jurisdiction to consider the appellant's contention.[4]

Accordingly, we find no error of law mandating reversal. The judgment of the post-conviction hearing court is affirmed.

_____
PAUL G. SUMMERS, Judge

_____

[4]Notwithstanding our jurisdictional problem, we point out that under the statute a multiple rapist serves his entire sentence undiminished. We see no due process violation in the reclassification by TDOC. Defendants must remember that parole is a privilege, not a right.

CONCUR:


_____
GARY R. WADE, Judge


_____
WILLIAM M. BARKER, Judge