**STATE of Tennessee, Appellee,**

v.

**David Alan LINDSAY, Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

March 17, 1982.

 

Edward A. Love, Jon Seaborg, Chattanooga, for appellant.

William M. Leech, Jr., Atty. Gen., Wayne E. Uhl, Asst. Atty. Gen., Nashville, William Cox, Asst. Dist. Atty., Chattanooga, for appellee.

OPINION

TATUM, Judge.

The defendant, David Alan Lindsay, was convicted of first degree burglary with a firearm and his punishment was fixed at not less than 10 years nor more than 15 years in the State penitentiary. He was also convicted of assault with intent to commit sexual battery with punishment at not less than 1 year nor more than 3 years in the State penitentiary. The trial court did not direct that the sentences run consecutively; therefore, the sentences are concurrent. We affirm both convictions; however, subject to the State's consent, we modify punishment in the burglary case.

On this appeal, the defendant says that the statute proscribing assault with intent to commit sexual battery (T.C.A. § 39–3707) is unconstitutional; that enhanced punishment for using a firearm in the commission of burglary is not authorized because the defendant was not charged in the indictment with using a firearm; that the court abused its discretion in denying a continuance; that an indeterminate sentence for an assault with intent to commit sexual battery is not authorized; and that the evidence does not justify the conviction for assault with intent to commit sexual battery.

The evidence introduced by the State, which the jury accepted, established that about 2:00 a. m. on November 14, 1980, the defendant broke out a sliding door of the home of Mrs. Freda A. Smith with a cinder block. After entering, he forced open an inside door and came up the stairs to Mrs. Smith's bedroom. The noise awoke Mrs. Smith, and she observed the defendant running up the stairs. She immediately recog-

nized him as he had lived across the street from her for 5 years. Mrs. Smith saw him pull a nylon stocking over his head and point a gun at her. She screamed that if he wanted money, he could take all that she had. He replied, "I don't want any money. I want some loving." He pushed her into her bedroom where she struggled with him and resisted his advances. He threatened to blow both her and her 2-year old son's "brains out." During the struggle on the bed, the defendant's body touched the top portion of Mrs. Smith's body, and after they fell out of the bed, his stomach touched her buttocks.

Mrs. Smith's son was awakened and began screaming. The defendant ordered her to take the child to the garage and put him in her automobile. While they walked down the steps, he frequently touched her head with the gun. When they passed her front door, she took advantage of an opportunity to open it and ran with her child to the front door of her neighbor, Ms. Ann Moon.

Ms. Moon was awakened by the victim's screams for her to open the door. Ms. Moon looked out the window and saw the defendant pulling Mrs. Smith who was holding on to a wrought iron railing. Ms. Moon's daughter ran downstairs. Ms. Moon telephoned the police and while looking out the upstairs window at the victim and defendant, Ms. Moon saw the defendant release the victim and run when her daughter turned the porch light on. Ms. Moon positively identified the defendant. He had been her neighbor for seven and one-half years and she knew him very well.

A slipper, which was identified by the victim and Ms. Moon as being that of the defendant, was found in Ms. Moon's front yard. A ski cap, which was identified as being one the defendant had been seen wearing, was found across the street from Ms. Moon's house.

The defendant's father testified that he saw the defendant in bed shortly after 2:00 a. m. His mother testified that at about 2:30 a. m., she heard the defendant having a nightmare and awakened him. Both of the defendant's parents denied that he owned a pistol, the ski cap or the slipper. The defendant did not testify.

In Issue 5, the defendant says that the trial court erred in failing to grant his motion for a directed verdict made at the conclusion of the State's proof with reference to the sexual crime. Since the motion was not renewed at the close of all of the proof, the State correctly points out that the motion was waived. *Mathis v. State*, 590 S.W.2d 449 (Tenn.1979). However, we have elected to consider this issue as attacking generally the sufficiency of the evidence to support the conviction for sexual battery.

The defendant was indicted for aggravated sexual battery under T.C.A. § 39–3704. The defendant insists that this charge should have been dismissed because there was no evidence of "unlawful sexual contact." The defendant was not convicted of aggravated sexual battery, but was convicted of the included offense of assault with intent to commit sexual battery as proscribed by T.C.A. § 39–3707(b). This offense may be committed without an unlawful sexual contact. A mere assault with intent to commit or attempt to commit sexual battery is all that is required. We find overwhelming evidence that the defendant assaulted the victim with the intent to commit sexual battery. The evidence more than meets the minimum standard required by Rule 13(e), T.R.A.P. This issue is overruled on its merits.

The defendant challenges the constitutionality of T.C.A. § 39–3707(b) (1981 Supplement) on two grounds. He first contends that the statute is unconstitutionally vague and overbroad. He also contends that his convictions for both first degree burglary and assault with intent to commit sexual battery constituted dual convictions for the same offense, and was therefore double jeopardy.

T.C.A. § 39–3707(b) is itself quite simple: "Assault with intent to commit or attempt to commit sexual battery is a felony punishable by imprisonment in the penitentiary

for not more than 3 years." Sexual battery is defined in T.C.A. § 39–3706: "Sexual battery is unlawful sexual contact with another person accompanied by any of the circumstances listed in § 39–3705(a)." Four circumstances are plainly stated in § 39–3705(a), any one of which must exist with unlawful sexual penetration to constitute rape.

■■■■ Without citing authority, the defendant insists that since § 39–3707(b) refers to § 39–3706, which refers to § 39–3705(a), the statute under which he was convicted, § 39–3707(b) is unconstitutional for vagueness. The statute is not unconstitutionally vague if the conduct proscribed can be reasonably understood. *Rose v. Locke,* 423 U.S. 48, 49, 96 S.Ct. 243, 244, 46 L.Ed.2d 185 (1975). The Tennessee Supreme Court has said that a statute is invalid for vagueness only when persons of common intelligence must necessarily guess at its meaning and differ as to its application. *Pace v. State,* 566 S.W.2d 861, 863 (Tenn. 1978). A statute is not rendered vague or overly broad because it refers to other statutes. It is fundamental that statutes must be considered in context and *in para materia* with each other. We hold that § 39–3707(b) meets the constitutional requirement of specificity and that it requires no guessing or speculation as to its meaning.

The defendant also says that the statute is unconstitutional as applied to him because he was convicted of burglary with intent to commit a felony and was also convicted of an assault with the intent to commit the same felony. In *Walton v. State,* 1 Tenn.Cr.App. 668, 448 S.W.2d 690 (1969), this court held that convictions of burglary and assault with intent to commit rape could not both stand because there was but "one single continuing criminal act, inspired by the same criminal intent essential to both, and are but one offense." *Id.* at 696. In *State v. Black,* 524 S.W.2d 913 (Tenn.1975), the Tennessee Supreme Court reviewed Tennessee law on the question of identity of offenses and rejected the rationale of many Tennessee cases.

In *Greer v. State,* 539 S.W.2d 855 (Tenn. Cr.App.1976), this court concluded that *Walton v. State, supra,* "is no longer good law under recent Tennessee decisions." The court in *Greer* upheld convictions for both burglary and rape. In *State v. Davis,* 613 S.W.2d 218 (Tenn.1981), the Supreme Court held that conviction of both burglary and larceny did not violate double jeopardy.

*Greer* and *Davis* recognize that the rationale of *State v. Black* is now firmly entrenched. In *Black,* the court did not formulate an inflexible test to determine whether separate offenses involving the same transaction and intent could all stand. The Court in *Black* gave factors relevant in determining this issue: (1) whether the episode or transaction constitutes a violation of two distinct statutory provisions; (2) whether either of the offenses is a necessarily included offense of the other; (3) whether each of the offenses requires proof of a different element; and (4) whether each requires proof of an additional fact which the other does not.

In applying these factors, we reach the same results as were reached in *Black, Davis,* and *Greer.* Burglary in the first degree (T.C.A. § 39–901) and assault with intent to commit sexual battery (T.C.A. § 39–3707(b)) are covered by distinct statutory provisions; neither is an included offense of the other; the two offenses involve proof of different elements; and each requires proof of additional facts not necessary to establish the other.

■■■■ The crime of burglary is complete when an entry is made with the intent to commit a felony inside the building entered. A second crime, committed after the burglarious entry is completed, constitutes a separate crime, susceptible of a separate conviction and punishment. *Greer v. State, supra.* Two acts in the course of one transaction that constitutes separate and distinct offenses, as defined in *Black* and its progeny, may both be prosecuted even though both unlawful acts were made with the intent to accomplish the same result. For these reasons, we hold that the defendant's conviction for both burglary and assault with intent to commit sexual battery may

both stand without violating the defendant's double jeopardy rights.

■ The defendant next says that the trial judge should have granted him a continuance for an independent psychiatric evaluation. Prior to trial, the trial judge granted the defendant's motion for a psychiatric examination at State's expense with the result that the defendant was found to be competent and sane. Immediately before the beginning of the trial, the defendant moved for a continuance to enable him to undergo another psychiatric evaluation at his family's expense. Defense counsel stated that the defendant appeared to be competent to stand trial. There is no showing of prejudice or that the trial judge abused his discretion in denying the motion. See *Hunter v. State*, 222 Tenn. 672, 440 S.W.2d 1 (1969); *Brady v. State*, 584 S.W.2d 245 (Tenn.Cr.App.1979). There is no merit in this issue.

In his next issue, the defendant contends that the punishment provision for assault with intent to commit sexual battery requires a determinate sentence, and that the jury's indeterminate sentence must be modified to the jury's minimum.

■ The assault statute under which the defendant was convicted (T.C.A. § 39–3707(b) (1981 Supplement) provides that assault with intent to commit sexual battery is a felony punishable by "imprisonment in the penitentiary for not more than 3 years." T.C.A. § 40–2707 provides for an indeterminate sentence for all felonies with certain specified exceptions. Assault to commit sexual battery is not one of the crimes excepted from the provisions of the statute. The fact that § 39–3707(b) states only the maximum penalty, does not exclude it from the provisions of § 40–2707. This issue is without merit.

■ The defendant next insists that the trial judge erred in submitting the issue to the jury of whether the crime of first degree burglary was committed with a firearm. The indictment charges the jury with first degree burglary but it does not charge that the defendant had in his possession a firearm at the time of the breaking and entering.

In charging the jury, the court submitted the issue of guilt and punishment as to first degree burglary without possession of a firearm and then submitted the issue of guilt and punishment with possession of a firearm. T.C.A. § 39–901 provides that first degree burglary is punishable by imprisonment for not less than 5 years nor more than 15 years. This statute then provides that "if the person convicted of this crime had in his possession a firearm at the time of the breaking and entering, he shall be imprisoned in the penitentiary not less than 10 nor more than 15 years."

A case in point on this issue is *Church v. State*, 206 Tenn. 336, 333 S.W.2d 799 (1960). In that case, the defendant was indicted for third degree burglary (T.C.A. § 39–904); he was not charged with opening or attempting to open "any vault, safe, or other secure place." T.C.A. § 39–904 first defines third degree burglary and then provides for greater punishment if the burglar opens a vault, safe, or other secure place after entry. As here, the trial judge submitted the issue to the jury with respect to the greater punishment when a vault, safe, or other secure place is opened after the burglarious entry.

In *Church*, the court observed that Article I, Section 9, of the Tennessee Constitution requires that an indictment state "the nature and cause of the accusation." The court also reviewed these fundamental principles: One indicted cannot be called upon to defend an indictment for more than is charged therein and he cannot be convicted of more than is charged. Criminal prosecutions cannot be sustained by intendment, but everything necessary to constitute the offense must be charged. The description of the offense charged in the indictment must be sufficient in distinctness, certainty, and precision to enable the accused to know what offense he is charged with and to understand the specific nature of the charge he is called upon to answer. An instruction to the jury that they consider a charge against the defendant not covered by the indictment is clearly erroneous.

The *Church* court held that since Church had no notice from the indictment that he would be called upon to defend a charge of opening or attempting to open a vault, safe, or other secure place, this issue should not have been submitted to the jury.

We think that the rationale of *Church v. State*, is applicable here. The indictment gave the defendant no notice that he would be called upon to defend the charge of possessing a firearm when he committed first degree burglary. For this reason, we must modify this judgment.

The conviction for first degree burglary with possession of a firearm is reduced to first degree burglary. If the State consents, the punishment for first degree burglary is fixed at a term of not less than 5 years nor more than 5 years in the State penitentiary. If the State does not consent to this modification, then a retrial is ordered for the purpose of the fixing of punishment for first degree burglary. The judgment of conviction for assault to commit sexual battery is affirmed.

DUNCAN and DAUGHTREY, JJ., concur.