**STATE of Tennessee, Appellee,**

v.

**James SHERMAN, Jr., alias Buck Sherman, Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

Feb. 11, 1983.

Application for Permission to Appeal Denied by Supreme Court May 31, 1983.

William M. Leech, Jr., Atty. Gen., John F. Southworth, Jr., Asst. Atty. Gen., Nashville, H. Kenneth Deatherage, Dist. Atty. Gen., Kingston, Edward Bailey, Lenoir City, Roger Delp, Asst. Dist. Attys. Gen., Loudon, for appellee.

Russell E. Simmons, Jr., Rockwood, for appellant.

OPINION

CORNELIUS, Judge.

James Sherman, Jr., was convicted of first degree burglary and sentenced to not less than five (5) nor more than seven (7) years in the State Penitentiary. On appeal, he contends only that the trial court erred in allowing the State to amend the indictment in this case.

The indictment returned by the grand jury[1] read, in pertinent part:

That Steven Womack and *James Sherman, Jr., alias Buck Sherman* heretofore, to-wit, on the 4th day of November, 1981,

---

1. Neither the record or the ambiguous statement of the Assistant District Attorney makes clear by what process indictment Number 7416 with cursive insertions arrived before the trial court. Who added Sherman, and when, is not revealed by the record. *See* 22 C.J.S. Criminal Law, Section 314, page 812, "making or requiring new instrument."

in the County aforesaid, unlawfully, feloniously and forcibly did break and enter into a certain house in the night time, to-wit: The dwelling house of Fate Brown with intent of _____ the said Steven Womack aforesaid to commit a felony, to-wit: Larceny, by taking, stealing and carrying away the goods and chattels then and there being in said house aforesaid and to convert the same to *his* own use and to deprive the true owner thereof, against the peace and dignity of the State of Tennessee.

After a jury had been selected, impaneled, and accepted by both sides, but before the jury was sworn, the State made a motion to amend the indictment. Over the objection of defense counsel, the trial court permitted the additional amendment so that the indictment charged:

That Steven Womack and James Sherman, Jr., alias Buck Sherman heretofore, to-wit, on the 4th day of November, 1981, in the County aforesaid, unlawfully, feloniously and forcibly did break and enter into a certain house in the night time, to-wit: The dwelling house of Fate Brown with intent of _____ the said Steven Womack and *James Sherman, Jr., alias Buck Sherman* aforesaid to commit a felony, to-wit: Larceny, by taking, stealing and carrying away the goods and chattels then and there being in said house aforesaid and to convert the same to *his* own use and to deprive the true owner thereof, against the peace and dignity of the State of Tennessee.

Before the trial court and before this Court, appellant argues that the second amendment changed the offense with which he was charged from criminal trespass to first degree burglary. Sherman alleges that the first indictment failed to charge him with a necessary element of first degree burglary, the intent to commit a felony. Rather, claims Sherman, only co-defendant Womack was alleged to possess the requisite felonious intent.

Amendment of indictments in this state is governed by the provisions of Rule 7(b) of the Tennessee Rules of Criminal Procedure. The rule provides:

An indictment, presentment or information may be amended in all cases with the consent of the defendant. If no additional or different offense is thereby charged and no substantial rights of the defendant are thereby prejudiced, the court may permit an amendment without the defendant's consent before jeopardy attaches.

The State and appellant agree that the determinative issue in this case is whether the amendment to the original indictment charged an "additional or different offense." The State argues, however, that notice to the defendant and not technical perfection in the pleading of each element is the proper standard for review of such an amendment. In support of its position, the State cites the cases of *State v. Beal,* 614 S.W.2d 77 (Tenn.Cr.App.1981), and *Shaw v. State,* 540 S.W.2d 272 (Tenn.Cr.App.1976).

*Beal* and *Shaw* are clearly distinguishable, however, from the situation in the instant case. In *Beal,* the trial court allowed amendment of an indictment to delete reference to assault with intent to commit robbery and replace it with reference to the offense of robbery. Judge Daughtrey, writing for the Court, recognized that "[a] review of the indictment indicates that on its face the instrument clearly charges all of the elements of robbery.... It thus appears likely that the inclusion of a reference to [assault with intent to commit robbery] was merely an unintentional drafting error." *State v. Beal,* supra at 80.

In the present case, however, the original instrument failed to charge appellant with all the elements of the offense for which he was convicted. It is elementary that "one indicted cannot be called upon to defend an indictment for more than is charged therein and he cannot be convicted of more than is charged." *State v. Lindsay,* 637 S.W.2d 886, 890 (Tenn.Cr.App.1982).

*Shaw v. State,* supra, approved an amendment to an indictment which originally charged that the defendants "unlawfully and feloniously did make an assault

upon the body of one William C. Rose and Michael Reeves, and '*they*' the said ————, then and there unlawfully and feloniously put in fear and danger of their lives . . . ." After the amendment, the charging instrument alleged that the defendants "unlawfully and feloniously did make an assault upon the body of one William C. Rose and Michael Reeves, and ————, then and there unlawfully and feloniously put '*them*' in fear and danger of their lives . . . ." *Id.* at 273–274.

The amendment in *Shaw* served only to clarify language used in the indictment. No names or elements of any offense were thereby added to the instrument. In contrast, by amending the indictment in the instant case, appellant's name was added to that section of the charging instrument which alleged the felonious intent necessary to transform criminal trespass into first degree burglary. See T.C.A. 39–3–1201 and T.C.A. 39–3–401.

Since the non-consensual amendment of this indictment charged appellant with a different offense than that alleged in the original indictment, the trial court erred in overruling his objection to the State's motion to amend.

Appellant's conviction must be reversed and this indictment dismissed.

TATUM and BYERS, JJ., concur.