STATE of Tennessee, Appellee,

v.

**William Dale LANE, Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

April 6, 1984.

Permission to Appeal Denied by Supreme Court June 18, 1984.

Randall E. Reagan, Mike G. Nassios, Knoxville, for appellant.

William M. Leech, Jr., Atty. Gen., John F. Southworth, Jr., Asst. Atty. Gen., Nashville, William H. Crabtree, Karen Brock, Asst. Dist. Attys. Gen., Knoxville, for appellee.

## OPINION

TATUM, Judge.

The defendant, William Dale Lane, was convicted of burglary with intent to open a safe (T.C.A. § 39–3–404(b)(1)). The trial judge found that the defendant was a persistent offender and that the present offense was an especially aggravated one. He fixed punishment at 18 years imprisonment. The sentence was ordered to be served consecutively to prior sentences from Davidson and Knox Counties. The defendant presents issues attacking the sufficiency of the evidence and the constitutionality of T.C.A. § 39–3–404(b)(1). We find the issues to be without merit and affirm the judgment below.

We first address the issue attacking the sufficiency of the evidence. The defendant was convicted of breaking into the office of the Knoxville Bluejays baseball team at Billy Myers Stadium in Knoxville and attempting to break into a "safe or vault or other secure place" located therein. Inside the office was an enclosure which is referred to in the record as a "safe or walk-in vault." The defendant argues that the receptacle which he opened or attempted to open was not shown to be a "vault, safe, or other secure place." The defendant does not contend that the evidence does not support the finding that he broke into the office building and attempted to open the receptacle referred to at trial as "safe" or "vault."

The evidence reflects that after breaking into the office, the defendant knocked four holes in the wall of one room. On the other side of the wall, and adjacent thereto, was the enclosure alleged to be a safe or vault. The enclosure was six to eight feet square and could be entered by opening the wall where the holes were located. The walls of the enclosure were made of cinder blocks. The witnesses did not know whether the cinder blocks enclosed metal walls. The door was a "floor-to-ceiling safe door," with a latch and dial-type combination lock on it. There was an indentation on the door that appeared to have been made by striking it with a maul. The cash box containing the proceeds from the sale of tickets and concessions was kept in the enclosure. A sledge hammer was found in the office room where the defendant was arrested while hiding under a desk. The question presented in this issue attacking the sufficiency of the evidence is whether the enclosure was a "vault, safe or other secure place."

T.C.A. § 39–3–404 provides in part:

"39–3–404(b)(1) Any person who, with intent to commit crime, breaks and enters, either by day or by night, any building, whether inhabited or not, and opens or attempts to open any vault, safe, or other secure place by any means, ..."

The defendant argues that "there is no proof that the room in question was a metal-reinforced vault, a safe, or anything other than a room with a latch and a combination lock." We have referred to several dictionaries for definitions of the words, "vault" and "safe." There are several definitions of these words and, like many words in the English language, each word has several meanings. For example, one may *vault* over a fence or he may be *safe* at second base. However, these words are

of common usage and understanding and must be given their natural and ordinary meaning. They must be construed in context with the entire statute. *Oliver v. King*, 612 S.W.2d 152 (Tenn.1981); *State v. Lindsay*, 637 S.W.2d 886 (Tenn.Crim.App. 1982). When this is done, each word has only a single meaning. One definition of the word "safe," given by Webster's New College Dictionary, is "a place or receptacle to keep articles (as valuables) safe." The same dictionary defines "vault" as "a room or compartment for the safe-keeping of valuables." We find that the above-stated definitions of the words "vault" and "safe" give the natural and ordinary meaning of the words and express the legislative intent of the statute.

The unabridged edition of the Random House Dictionary of the English Language and the Random House College Dictionary give definitions of the words acknowledging that vaults and safes are often made of "iron or steel," but this type construction is not essential. We hold that the enclosure involved in this case meets the above-quoted Webster's definition of a "vault," even though the evidence does not show that it was constructed of metal. The evidence meets the standard of Rule 13(e), T.R.A.P. This issue is without merit.

The defendant next contends that the phrase "other secure place" as used in T.C.A. § 39–3–404(b)(1) is so ambiguous and indefinite as to render the statute unconstitutionally vague. We have determined that the enclosure which the defendant attempted to break met the definition of a vault. The question of whether the term "other secure place" is unconstitutionally vague is not met by the facts of this case. Therefore, this issue will not be considered. See *State v. Wilkins*, 655 S.W.2d 914, 917 (Tenn.1983).

The judgment of the trial judge is affirmed.

O'BRIEN and BYERS, JJ., concur.