**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT KNOXVILLE**

**OCTOBER SESSION, 1997**

FILED

December 23, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **DARRELL DOUGLAS SHEETS,** | ) | **C.C.A. NO. 03C01-9701-CR-00031** |
| | ) | |
| Appellee, | ) | |
| | ) | **JOHNSON COUNTY** |
| **VS.** | ) | |
| | ) | **HON. LYNN BROWN** |
| **HOWARD CARLTON, WARDEN, and STATE OF TENNESSEE** | ) | **JUDGE** |
| | ) | |
| | ) | |
| Appellant. | ) | (Habeas Corpus) |

**ON APPEAL FROM THE JUDGMENT OF THE
CRIMINAL COURT OF JOHNSON COUNTY**

FOR THE APPELLANT:

DARRELL D. SHEETS
Pro Se
P.O. Box 5000
Mountain City, TN 37683

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

MICHAEL J. FAHEY
Assistant Attorney General
425 5th Avenue North
Nashville, TN 37243

C. BERKELEY BELL
District Attorney General
Route 19, Box 99
Johnson City, TN 37601

OPINION FILED _____

AFFIRMED

DAVID H. WELLES, JUDGE

# OPINION

The Petitioner, Darrell Douglas Sheets, appeals the trial court's order denying him habeas corpus relief. He was indicted for and convicted of aggravated rape. He argues that his conviction is void because the indictment charging him with the offense of aggravated rape is fatally defective because it failed to allege the requisite mens rea. We affirm the judgment of the trial court dismissing the petition.

In his habeas corpus petition, the Petitioner alleges that the indictment failed to specify the mens rea for the offense of aggravated rape and thus, his conviction was void. The Petitioner was indicted for aggravated rape on May 4, 1992. He pleaded guilty to that offense on September 23, 1992, and was sentenced to fifteen years incarceration. He filed a petition for writ of habeas corpus on August 19, 1996. The trial court dismissed the petition on September 9, 1996, without a hearing. The Petitioner filed a motion to set aside the order of dismissal and a motion for entry of findings of fact and conclusions of law on October 1, 1996. The trial court denied the motion on December 10, 1996. The Petitioner now appeals.

The Petitioner argues that his conviction for aggravated rape is void because the indictment did not allege the requisite mens rea for the offense. An indictment or presentment must provide notice of the offense charged, an adequate basis for the entry of a proper judgment, and suitable protection against double jeopardy. State v. Trusty, 919 S.W.2d 305, 310 (Tenn. 1996); State v.

Byrd, 820 S.W.2d 739, 741 (Tenn. 1991); State v. Lindsay, 637 S.W.2d 886, 890 (Tenn. Crim. App. 1982). The indictment "must state the facts in ordinary and concise language in a manner that would enable a person of common understanding to know what is intended, and with a degree of certainty which would enable the court upon conviction, to pronounce the proper judgment." Warden v. State, 381 S.W.2d 244, 245 (Tenn. 1964); Tenn. Code Ann. § 40-13-202.

A lawful accusation is an essential jurisdictional element, thus, a prosecution cannot proceed without an indictment that sufficiently informs the accused of the essential elements of the offense. State v. Perkinson, 867 S.W.2d 1, 5 (Tenn. Crim. App. 1992); State v. Morgan, 598 S.W.2d 796, 797 Tenn. Crim. App. 1979). A judgment based on an indictment that does not allege all the essential elements of the offense is a nullity. Warden v. State, 381 S.W.2d at 245; McCracken v. State, 489 S.W.2d 48, 53 (Tenn. Crim. App. 1972). Furthermore, the Tennessee Code provides that "[i]f the definition of an offense within this title does not plainly dispense with a mental element, intent, knowledge, or recklessness suffices to establish the culpable mental state." Tenn. Code Ann. § 39-11-301(c).

The Petitioner cites a recent decision of a panel of this Court that held an indictment invalid which charged the offense of aggravated rape in language nearly identical to that in the case sub judice. See State v. Roger Dale Hill, C.C.A. No. 01C01-9508-CC-00267, Wayne County (Tenn. Crim. App., Nashville, June 20, 1996), rev'd, ___ S.W.2d ___ (Tenn. 1997). He argues that the indictment fails to assert a reckless, knowing or intentional mental state as

required by Tennessee Code Annotated section 39-11-301(c). The indictment reads as follows:

> The Grand Jurors of the aforesaid State and County duly empaneled and sworn, upon their oath, present that: Darrell Douglas Sheets between November 1991 and February, 1992 in the State and County aforesaid, and before the finding of the indictment, did unlawfully have sexual penetration of [A.M.L.], a victim less than 13 years of age, contrary to the statute, and all of which is against the peace and dignity of the State of Tennessee.

Our supreme court recently provided guidance on this issue in its opinion reversing Hill:

> for offenses which neither expressly require nor plainly dispense with the requirement for a culpable mental state, an indictment which fails to allege such mental state will be sufficient to support prosecution and conviction for that offense so long as
>
> > (1) the language of the indictment is sufficient to meet the constitutional requirements of notice to the accused of the charge against which the accused must defend, adequate basis for entry of a proper judgment, and protection from double jeopardy;
> > (2) the form of the indictment meets the requirements of Tenn. Code Ann. § 40-13-202; and
> > (3) the mental state can be logically inferred from the conduct alleged.

Hill, ___ S.W.2d ___ (Tenn. 1997).

Here, the indictment clearly satisfies the constitutional notice requirements. There was adequate notice that the Defendant was charged with the statutory offense of aggravated rape as codified in Tennessee Code Annotated section 39-13-502(a)(4) (1991), which contained the essential elements of the offense. Here too, is sufficient information by which the trial judge could pronounce judgment for the offense of aggravated rape. Finally, the Defendant is adequately protected against a second prosecution for an offense of aggravated

rape of the victim occurring during the period of November 1991 to February 1992.

Regarding the second requirement, it is also apparent that the indictment was drafted such that a person of ordinary intelligence could understand with what offense he was charged. The language in the indictment clearly tracks the language of the statute. Likewise, the third requirement, that the mental state be logically inferred from the indictment, has been satisfied. One can infer from the charged act that the Petitioner "did unlawfully have sexual penetration", that the required mental state of reckless, knowing, or intentional was present in the nature of the alleged criminal conduct. Hill, ___ S.W.2d at ___. Therefore, we conclude that the indictment in this case adequately informed the Defendant of the charges against him and does not provide sufficient grounds for his claim for habeas corpus relief.

Accordingly, we affirm the judgment of the trial court dismissing the petition.

_____
DAVID H. WELLES, JUDGE

CONCUR:

_____
GARY R. WADE, JUDGE

_____
JERRY L. SMITH, JUDGE

-5-