# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### OCTOBER SESSION, 1997

FILED

December 23, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| TIMOTHY WAYNE JOHNSON, | ) | C.C.A. NO. 03C01-9611-CR-00443 |
| | ) | |
| Appellant, | ) | BLEDSOE COUNTY |
| | ) | |
| VS. | ) | |
| | ) | HON. BUDDY PERRY |
| JAMES A. BOWLEN, WARDEN, | ) | JUDGE |
| | ) | |
| Appellee. | ) | (Habeas Corpus) |

## ON APPEAL FROM THE JUDGMENT OF THE CIRCUIT COURT OF BLEDSOE COUNTY

FOR THE APPELLANT:

TIMOTHY WAYNE JOHNSON
Pro Se
Route 4, Box 600
Pikeville, TN 37367

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

MICHAEL J. FAHEY, II
Assistant Attorney General
425 5th Avenue North
Nashville, TN 37243

J. MICHAEL TAYLOR
District Attorney General

JAMES W. POPE, III
Assistant District Attorney General
Corner of Third and Market
First American Bank Building
Suite 300
Dayton, TN 37321

OPINION FILED _____

AFFIRMED

DAVID H. WELLES, JUDGE

# <u>OPINION</u>

The Petitioner, Timothy Wayne Johnson, appeals the trial court's order denying him habeas corpus relief. He was indicted for aggravated rape, which led to his conviction. He argues that his conviction is void because the indictment charging him with the offense of aggravated rape is fatally defective because it fails to allege the requisite mens rea. We affirm the judgment of the trial court dismissing the petition.

In his habeas corpus petition, the Petitioner alleges that the indictment failed to specify the mens rea for the offense of aggravated rape and thus, his conviction was void. We note that the record does not contain a copy of the judgment form, which prevents us from adequately reviewing his claim for relief. However, he has stated in his petition that he was convicted of aggravated rape and sentenced on April 6, 1994, to twenty years incarceration. The Petitioner filed a petition for a writ of habeas corpus on September 10, 1996. The State submitted a motion to dismiss the petition on September 18, 1996. The Petitioner requested a writ of mandamus from this Court to compel the Circuit Court of Bledsoe County to issue its decision on the petition, which a panel of this Court denied in an order dated December 6, 1996. The trial court entered an order on December 17, 1996, denying the petition. The Petitioner now appeals.

An indictment or presentment must provide notice of the offense charged, an adequate basis for the entry of a proper judgment, and suitable protection against double jeopardy. <u>State v. Trusty</u>, 919 S.W.2d 305, 310 (Tenn. 1996);

State v. Byrd, 820 S.W.2d 739, 741 (Tenn. 1991); State v. Lindsay, 637 S.W.2d 886, 890 (Tenn. Crim. App. 1982). The indictment "must state the facts in ordinary and concise language in a manner that would enable a person of common understanding to know what is intended, and with a degree of certainty which would enable the court upon conviction, to pronounce the proper judgment." Warden v. State, 381 S.W.2d 244, 245 (Tenn. 1964); Tenn. Code Ann. § 40-13-202.

A lawful accusation is an essential jurisdictional element, thus, a prosecution cannot proceed without an indictment that sufficiently informs the accused of the essential elements of the offense. State v. Perkinson, 867 S.W.2d 1, 5 (Tenn. Crim. App. 1992); State v. Morgan, 598 S.W.2d 796, 797 Tenn. Crim. App. 1979). A judgment based on an indictment that does not allege all the essential elements of the offense is a nullity. Warden v. State, 381 S.W.2d at 245; McCracken v. State, 489 S.W.2d 48, 53 (Tenn. Crim. App. 1972). Furthermore, the Tennessee Code provides that "[i]f the definition of an offense within this title does not plainly dispense with a mental element, intent, knowledge, or recklessness suffices to establish the culpable mental state." Tenn. Code Ann. § 39-11-301(c).

The Petitioner cites a recent decision of a panel of this Court that held an indictment invalid which charged the offense of aggravated rape in language similar to that in the case sub judice. See State v. Roger Dale Hill, C.C.A. No. 01C01-9508-CC-00267, Wayne County (Tenn. Crim. App., Nashville, June 20, 1996), rev'd, ___ S.W.2d ___ (Tenn. 1997). He asserts that the indictment only alleges that he "unlawfully, with force or coercion, did sexually penetrate" the

-3-

victim. He argues that the indictment fails to assert a reckless, knowing or intentional mental state as required by Tennessee Code Annotated section 39-11-301(c). The indictment reads as follows:

> The GRAND JURORS OF <u>COFFEE</u> County, Tennessee, duly empaneled and sworn, upon their oath, present that <u>TIMOTHY WAYNE JOHNSON</u> on the ___ day of <u>AUGUST</u>, 19<u>93</u>, in <u>COFFEE COUNTY</u>, Tennessee, and before the return of this indictment, unlawfully, with force or coercion, did sexually penetrate <u>MELANIE DICKINSON</u>, in violation of T.C.A. 39-13-502, while armed with a weapon or an article used or fashioned in a manner to lead the said <u>MELANIE DICKINSON</u> reasonably to believe it to be a weapon, and against the peace and dignity of the State of Tennessee.

Our supreme court recently provided guidance on this issue in its opinion reversing <u>Hill</u>:

> for offenses which neither expressly require nor plainly dispense with the requirement for a culpable mental state, an indictment which fails to allege such mental state will be sufficient to support prosecution and conviction for that offense so long as
>
> (1) the language of the indictment is sufficient to meet the constitutional requirements of notice to the accused of the charge against which the accused must defend, adequate basis for entry of a proper judgment, and protection from double jeopardy;
> (2) the form of the indictment meets the requirements of Tenn. Code Ann. § 40-13-202; and
> (3) the mental state can be logically inferred from the conduct alleged.

<u>Hill</u>, ___ S.W.2d ___ (Tenn. 1997).

Here, the indictment clearly satisfies the constitutional notice requirements. There was adequate notice that the Defendant was charged with the statutory offense of aggravated rape as codified in Tennessee Code Annotated section 39-13-502(a)(1), which contains the essential elements of the offense. Here too, is sufficient information by which the trial judge could pronounce judgment for the offense of aggravated rape. Finally, the Defendant is adequately protected

-4-

against a second prosecution for an offense of aggravated rape of the victim occurring during August, 1993.

Regarding the second requirement, it is also apparent that the indictment was drafted such that a person of ordinary intelligence could understand with what offense he was charged. The indictment also sufficiently stated the factual circumstances by alleging the identity of the victim and what specific act of forcible sexual penetration the Defendant was called to defend against. Likewise, the third requirement, that the mental state be logically inferred from the indictment, has been satisfied. The allegation of "force" or "coercion" contemplates a mental state. As defined in the Code, "'[f]orce' means compulsion by the use of physical power or violence and shall be broadly construed to accomplish the purposes of this title." Tenn. Code Ann. § 39-11-106(a)(12). Force implies that the power is directed toward an end and without the consent of the victim. Lundy v. State, 521 S.W.2d 591, 594 (Tenn. Crim. App. 1974). Likewise, "coercion" means "threat of kidnaping, extortion, force or violence to be performed immediately or in the future or the use of parental, custodial, or official authority over a child less than fifteen (15) years of age." Tenn. Code Ann. § 39-13-501(1). Thus, the elements of the charged offense imply that the Defendant possessed the necessary awareness of his actions that would satisfy proof of a culpable mental state under section 39-11-301(c). Sexual penetration by force or coercion necessarily implies the sexual penetration would occur intentionally or knowingly. Therefore, we conclude that the indictment in this case adequately informed the Defendant of the charges against him and does not support his claim for habeas corpus relief.

Accordingly, we affirm the judgment of the trial court dismissing the petition.

_____
DAVID H. WELLES, JUDGE

CONCUR:


_____
GARY R. WADE, JUDGE


_____
JERRY L. SMITH, JUDGE