**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT JACKSON**

**JUNE SESSION, 1998**

FILED

**August 12, 1998**

**Cecil Crowson, Jr.**
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | **)** | **C.C.A. NO. 02C01-9711-CR-00425** |
| | **)** | |
| Appellee, | **)** | |
| | **)** | |
| | **)** | **SHELBY COUNTY** |
| **VS.** | **)** | |
| | **)** | **HON. CHRIS CRAFT** |
| **GARY PRUDE,** | **)** | **JUDGE** |
| | **)** | |
| Appellant. | **)** | (DUI - 4th Offense, Reckless Driving) |


**ON APPEAL FROM THE JUDGMENT OF THE
CRIMINAL COURT OF SHELBY COUNTY**


FOR THE APPELLANT:

ROBERT A. WAMPLER
P.O. Box 3410
Memphis, TN 38173-0410

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

PETER M. COUGHLAN
Assistant Attorney General
425 5th Avenue North
Nashville, TN 37243

JOHN W. PIEROTTI
District Attorney General

DAN BYER
Assistant District Attorney General
Criminal Justice Complex, Suite 301
201 Poplar Street
Memphis, TN 38103


OPINION FILED _____

AFFIRMED

DAVID H. WELLES, JUDGE

# OPINION

This is an appeal as of right pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure. The Defendant was convicted on a Shelby County jury verdict of driving while under the influence of an intoxicant (fourth offense) and reckless driving. On this appeal he argues (1) that the trial judge erred by charging the jury regarding criminal responsibility for the conduct of another, and (2) that under the circumstances of this case, the inclusion of this jury instruction violated the Defendant's constitutional right to a unanimous verdict. We find no reversible error and affirm the judgment of the trial court.

On February 11, 1996, the Defendant was in possession of a van provided by his employer. At approximately 2:00 a.m., the Defendant, along with a male and a female companion, were proceeding in the van along a street in Memphis when the van struck a pickup truck parked in the street, traveled across a yard, and then went up on the front porch of a house and rammed into the house itself. Memphis Police Officer Larry Skelton was the first officer to arrive on the scene. Ambulance personnel were already present. When the police officer arrived, the Defendant had been placed in the ambulance. Officer Skelton entered the ambulance where he detected a strong odor of intoxicants about the Defendant and noticed that the Defendant's speech was slurred and his eyes were watery. The officer testified that the Defendant told him he was driving the van and had hit a bump which caused him to lose control of the van. The officer stated that beer cans were scattered around the inside of the van and in the yard. Based on his observations of the Defendant and the statements the Defendant made, the

officer determined that the Defendant had been the driver of the van and that the Defendant was intoxicated.

Memphis Fire Department Paramedic Harry Perry stated that when he arrived at the scene, a Shelby County Sheriff's Deputy car was already present and some people were "milling" near the van. Mr. Perry testified that he examined the Defendant, who had a lip laceration and some blood on his face. He said he detected an odor of intoxicants about the Defendant and noted that he staggered somewhat and that his "gait" and demeanor indicated "somewhat imbalance." Mr. Perry said that the Defendant advised him that he (the Defendant) had been driving the van. In addition, Mr. Perry heard the Defendant advise a policeman that he (the Defendant) had been driving, and he heard the Defendant apologize to the female companion for "driving and having this accident." On cross examination, Mr. Perry emphasized that he was certain the Defendant told him that he had been driving the van. Finally, he testified the Defendant's speech was slurred.

The owner of the pickup truck and house struck by the van testified that although he was not at home when the wreck occurred, he arrived shortly thereafter. He observed all three occupants of the van and claimed that they were all "drunk" — they were "unsteady, speech was slurred and smelling real strong [of alcohol]." He also said that the Defendant told him that he (the Defendant) had been driving. Although this witness testified that the driver of the van had been placed in the police squad car, other evidence showed that the Defendant had been placed in the ambulance and the male passenger had been placed in the squad car.

A Shelby County deputy sheriff testified that when he arrived at the scene, only the occupants of the van and the owners of the house were present. He stated that he responded to the call because he was close to the scene. He said that he asked who had been driving and the Defendant said that he (the Defendant) had been. He stated that all three van occupants smelled of alcohol. When he later advised the Defendant of his "implied consent rights," the Defendant advised him that he had not, in fact, been driving. The Defendant then refused to take a blood-alcohol test.

The deputy also stated that prior to talking with the Defendant, the other male occupant of the van advised him that he (the other occupant) had been driving. When the deputy started advising the occupant of his rights under the implied consent law, the occupant then said "'I'm not going to jail for something I didn't do . . . .'" The male occupant then stated that the Defendant had been driving the van.

The Defendant offered no proof. The State requested that the judge instruct the jury concerning criminal responsibility for the conduct of another.[1] The assistant district attorney stated that the defense contended the State did not prove sufficiently that the Defendant had been driving rather than the other male occupant of the van. The State therefore argued that a charge on criminal responsibility was warranted by the evidence. In addition, the State argued the proof clearly showed that the Defendant had legal possession of and responsibility for the van and that if the other individual was operating the van, he

---

[1]Tenn. Code Ann. § 39-11-402(2).

-4-

did so while intoxicated and with the Defendant's permission. The judge agreed to charge the jury on criminal responsibility over the objection of the Defendant. Although the judge gave a standard jury instruction concerning the need for a unanimous verdict, no special instruction was given on the need for a unanimous verdict on either criminal responsibility for the conduct of another or actual commission of the offenses. The jury returned a general verdict of guilty for driving a motor vehicle while under the influence of an intoxicant and reckless driving. After hearing additional evidence, the jury found the Defendant guilty of driving under the influence of an intoxicant, fourth offense.

The Defendant first argues that the trial judge erred by charging the jury concerning criminal responsibility because it was not charged in the indictment and because the State did not give the Defendant notice of this alternate theory of prosecution. He argues that his due process rights were violated because the indictment failed to provide him notice that he was being tried for the conduct of a third party.

An indictment or presentment must provide notice of the offense charged, an adequate basis for the entry of a proper judgment, and suitable protection against double jeopardy. State v. Trusty, 919 S.W.2d 305, 310 (Tenn. 1996); State v. Byrd, 820 S.W.2d 739, 741 (Tenn. 1991); State v. Lindsay, 637 S.W.2d 886, 890 (Tenn. Crim. App., 1982). The indictment "'must state the facts . . . in ordinary and concise language . . . in such a manner as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court, on conviction, to pronounce the proper

-5-

judgment.'" Warden v. State, 381 S.W.2d 244, 245 (Tenn. 1964). (quoting Tenn. Code Ann. § 40-1802 (recodified as amended at § 40-13-202).

The indictment in the case at bar charged the Defendant with driving while intoxicated, requiring that the following elements be proved: (1) that the Defendant was driving or in control of a motor vehicle; (2) that the vehicle was driven on a public road; and (3) that the Defendant was under the influence of an intoxicant. Initially, we note that criminal responsibility for the conduct of another is not a statutory offense, but rather a legal theory of criminal liability by which a defendant may be convicted for an offense when there are multiple actors involved. See Tenn. Code Ann. § 39-11-402. We do not believe that "criminal responsibility" must have been included in the indictment. The indictment gave the Defendant notice of the events charged, and an adequate basis for the entry of a proper judgment, and protection against double jeopardy. Because the evidence at trial raised the issue, we believe it was appropriate for the State to request the charge at the conclusion of the proof, and the trial judge did not commit prejudicial error in granting the request.

The second part of the Defendant's issue on appeal is a more troubling one. The Defendant argues that because the criminal responsibility instruction was included, it is impossible to determine whether the jury in this case reached a unanimous verdict concerning the facts supporting the offense for which he was convicted. Although the court instructed the jury on the need for a unanimous verdict, the court did not instruct concerning the jury's need to render a unanimous verdict on whether the Defendant was guilty of DUI based on his conduct as the driver of the van or whether the Defendant was guilty of DUI

based on his criminally responsibility for the conduct of another individual. The Defendant cites Burlison v. State, 501 S.W.2d 801 (Tenn. 1973), for the proposition that the State should have been required to elect and that the judge should have" properly instruct[ed] the jury so that the verdict of every juror would be united on the one offense." Id. at 804.

The requirement that the State elect, at the close of its case in chief, which proof it relies upon for a conviction most commonly occurs where the State has introduced evidence of several instances of sexual misconduct, especially when the proof presented could support a finding of more criminal conduct than is set forth in the indictment or indictments. Jamison v. State, 94 S.W.2d 675 (Tenn. 1906); Burlison v. State, 501 S.W.2d 801, 803 (Tenn. 1973); State v. Shelton, 851 S.W.2d 134, 136 (Tenn. 1993). Where there is evidence of multiple offenses, particularly involving sexual crimes against small children, the precaution to ensure jury unanimity is the doctrine of election, which requires the State to elect and identify at the end of its proof the facts that supported the exact offense for which it seeks conviction. See State v. Walton, 958 S.W.2d 724, 727 (Tenn. 1997).

In a case such as the one at bar, where a defendant is charged with DUI and the jury is to be charged concerning the Defendant's guilt based upon his own conduct and also based on the conduct of another for which he may be criminally responsible, we do not believe the doctrine of election is applicable. In the case sub judice, the charge arose out of the driving of one automobile at one particular time. The charges do not involve evidence of multiple acts, each of which could constitute the offense of DUI. Where the evidence could support

such a finding, we believe the State is entitled to proceed to the jury under alternate theories of DUI based upon a defendant's own driving or on the driving of another for whom the Defendant may be criminally responsible.

We do agree with the Defendant, as the cases involving the need for an election emphasize, that the Defendant has a fundamental constitutional right to a unanimous verdict before a conviction for a criminal offense may be imposed. State v. Shelton, 851 S.W.2d 134, 137 (Tenn. 1993); State v. Brown, 823 S.W.2d 576, 583 (Tenn. Crim. App. 1991). The unanimity of a verdict is required so that the jury verdict may not be a matter of choice between offenses in which some jurors convict of one offense and others of another offense, all within the same count. Tidwell v. State, 922 S.W.2d 497, 500 (Tenn. 1996). Protection of this right often requires special "precautions [by the court] to ensure that the jury deliberates over the particular charged offense, instead of creating a 'patchwork verdict' based on different offenses in evidence." Shelton, 851 S.W.2d at 137 (citing State v. Brown, 823 S.W.2d 576, 583 (Tenn. Crim. App. 1991)).

In a case such as the one at bar, the Defendant's fundamental right to a unanimous jury verdict requires the State to prove to the jury beyond a reasonable doubt the facts which constitute the offense. If, for example, six jurors were convinced beyond a reasonable doubt that the Defendant himself was driving the van while intoxicated, and the other six jurors were convinced beyond a reasonable doubt that the Defendant's male companion was driving the van while intoxicated, a conviction of the Defendant for DUI would not be based upon a unanimous jury decision concerning proof of all elements of the offense beyond a reasonable doubt. The jury's verdict in that event would not be unanimous.

-8-

We must therefore conclude that it was error for the trial court to charge criminal responsibility for the conduct of another without clearly communicating to the jury the need for a unanimous verdict on the facts. The jury did not indicate upon which theory and set of facts it convicted the Defendant. It is this potential for confusion that invades a defendant's constitutional rights because under these circumstances, a jury could indeed compile a "patchwork verdict" regarding the facts of the offense. See State v. James R. Lemacks, C.C.A. No. 01C01-9605-CC-00227, Humphreys County (Tenn. Crim. App., Nashville, June 26, 1997), perm. to app. granted (Tenn. Mar. 16, 1998).

In the case sub judice, however, based upon the evidence presented at trial, we conclude that the error of the trial judge in failing to instruct the jury more clearly of the need for a unanimous verdict is harmless beyond a reasonable doubt. While there was some suggestion from the evidence that the Defendant's male companion had driven the van on the morning in question, because of the strength of the overwhelming evidence that the Defendant had in fact been driving, we do not believe that there is any reasonable doubt that the jury convicted the Defendant based upon the proof that he in fact had been driving the van.

The judgment of the trial court is accordingly affirmed.

_____
DAVID H. WELLES, JUDGE

-9-

CONCUR:

_____
PAUL G. SUMMERS, JUDGE


_____
JOE G. RILEY, JUDGE